## Fugate *vs* Clarkson.

ERROR TO THE PENDLETON CIRCUIT.

*Mortgagor and Mortgagee.   Replevin.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

REPLEVIN.

*Case* 18.

September 22.

Question stated.

In this case the only question is that which was stated but left undecided in *McIsaacs* vs *Hobbs*, 8th Dana, 271, and that is, whether a mortgagee, entitled to the possession of movable property remaining with his mortgagor, may maintain an action of replevin therefor against a sheriff who, though apprised of the mortgage, had taken it under a *fi. fa.* as the absolute property of the mortgagor, and had avowed his determination to sell it without regard to the mortgagee's claim of title.

And this point being now, for the first time, fairly presented for judicial decision, we are of the opinion that the facts just stated are insufficient for maintaining the action.

Although the mortgagor's possession, in this case, might be deemed that of the mortgagee, yet the equity of redemption being nevertheless liable to sale under the execution, the sheriff had a legal right to take the property into his possession and hold it until after a sale according to law; and, until after an illegal sale or some other tortious *act* making the officer a *trespasser ab initio*, the mortgagee can have no right to divest him of his possession. His expressed determination to disregard the mortgage cannot be judicially recognized as an illegal *act* or sufficient proof that he had violated the law in taking the property, or would, in fact, violate it in the sale. Notwithstanding such declaration, he might sell subject to the mortgage, as he would still have the indisputable right to do, and ought to do if the mortgagee's title be good against the execution creditor.

*Mortgagee cannot maintain replevin against a sheriff who takes the mortgagee's property out of the possession of the mortgagor by virtue of a writ of fi. fa. against the mortgagor before a sale thereof, though sheriff may threaten to sell it absolutely without regard to the mortgage.*

*In such case though the possession of the mortgagor may be deemed that of the mortgagee, yet sheriff has a legal right to take the possession of mortgaged property and hold it until after sale, and until after an illegal sale or some other tor-*

tious act which
would make him
a trespasser *ab
initio*, mortgagee
cannot divest
him of the pos-
.session.

In such a case, if the mortgagee desire the possession of the property, instead of interposing to prevent a sale by the officer who *might* sell legally and without any wrong to him, he should wait until the sale, when, if the equity of redemption only shall have been sold, he will be entitled to restitution of possession from the sheriff, and if the absolute title shall have been illegally sold, he may replevy the property either as against the sheriff, before delivery to the purchaser, or as against the latter if he shall have taken it wrongfully into his possession.

Any other doctrine would seem to us to be not only unnecessary for the security of the mortgagee, but subversive of justice and inconsistent with the policy and analogies of the law.

Wherefore, as the decision of the Circuit Court is inconsistent with this opinion, the judgment must be reversed, and the cause remanded with instruction to render judgment for the sheriff on the special verdict.

. *Morehead & Reed* for plaintiff; *Trimble* for defendant.