## JOHN A. NELSON.

*v.*

## DWIGHT WHEELOCK *et al.*

46    25
89a ²627

1. PLEADING AT LAW—*of the issue—need not be taken as to mere recitals in a plea.* It is not necessary, that a traverse should be made as to matter set up in a plea by way of mere recital.

2. PARTNERSHIP—*one partner may mortgage and give possession of partnership effects to secure firm creditors.* One of the partners of a firm may mortgage the partnership stock in trade, and deliver possession thereof, to secure a firm creditor.

3. MORTGAGE—*of chattels in possession—when may hold against junior lien.* A *bona fide* mortgagee of chattels, in possession, and so entitled by the terms of his mortgage, cannot be deprived of his property thus acquired, under any junior lien.

APPEAL from the Circuit Court of Cook County; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

4—46TH ILL.

The opinion states the case.

Messrs. STORRS & JOHNSTON for the appellant.

Messrs. JOHN W. ELA, C. F. RENICK & PETERS for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of replevin, to the declaration in which, was added a count in trover, brought by Wheelock & Coburn against Nelson. The plaintiffs recovered judgment, and the defendant appealed. The property in controversy was a stock of goods, which the plaintiffs claimed by virtue of a chattel mortgage executed to them on the 24th of November, 1864, in the name of Robison & Jaques, the then owners; and the defendant claimed under a levy made by him as sheriff of Cook county, upon a writ of attachment sued out by H. B. Claflin & Co., against said Robison & Jaques. The first levy was made upon the 24th of November, 1864, but this levy was released by the attorneys of Claflin & Co., and it was renewed on the 29th of the same month. In the meantime possession had been taken under the mortgage.

The first point made by the counsel of appellant is, that the plea alleges the property was transferred to the plaintiffs to defraud the creditors of Robison & Jaques, and that this averment is not denied by the replication, and must, therefore, be considered as admitted. But the entire purport and object of the plea is to set up the levy of the 24th of November, and what is said in the plea in regard to fraud, is said only by way of recital. There is no distinct allegation of fraud, and it was very clearly not the design of the pleader to tender an issue of that character, or to rest his claim upon that ground. He merely sets up his prior levy, and the plaintiff's reply, admitting the levy, but setting up the release thereof, and improperly

conclude to the country. A *similiter* is added, and a trial is had upon that issue. The appellant can not now be permitted to say he sought by his plea to raise the question of fraud in the mortgage. As a matter of fact, it appears in the evidence the mortgage was given to secure a *bona fide* indebtedness for goods sold. It is objected that the mortgage was only executed by one member of the firm of Robison & Jaques. But, one member of a mercantile firm has the right to execute a mortgage upon the goods of the firm, and deliver possession thereof, to secure a firm creditor. 2 Hill. on Mortg. 154; *Tapley* v. *Butterfield*, 1 Metc. 515; *Milton* v. *Mosher*, 7 ib. 244. Moreover, it is manifest from the evidence, that this mortgage was executed by Jaques in conformity with the wishes of Robison. There was no fraud practised upon the defendant in order to induce him to relinquish his first levy, and the record shows the verdict and judgment to have been clearly right.

The point is made by appellant's counsel, that replevin can not be maintained by a mortgagee of personal property against a sheriff who has taken possession of it by virtue of a writ of attachment, or execution against the mortgagor; and the case of *Fugate* v. *Clarkson*, 2 B. Mon. 41, is cited as authority. In that case, the property had been levied on while in the possession of the mortgagor, and the court held that the sheriff had a right to levy and sell, subject to the mortgage; but that after the sale of the equity of redemption, the mortgagee would be entitled to the possession of the property. Without commenting further on that decision, it is sufficient to say, that in the case before us, the mortgagee had taken possession of the property before the levy; that he was entitled to the possession by the terms of the mortgage, and being so entitled, the property could not be lawfully taken away from him under any junior lien. The judgment must be affirmed.

*Judgment affirmed.*