## DETERMINED IN THE

# SUPREME COURT

### OF THE

# STATE OF NEVADA,

## APRIL TERM, 1871.

---

## F. W. CLUTE, Appellant, v. JAMES STEELE et als., Respondents.

SALE—DELIVERY AND CHANGE OF POSSESSION. Where Hanchett sold a team to Clute, who took and retained possession for one day and then allowed Hanchett to take it back and keep and use it six weeks, Clute meanwhile paying the expenses and receiving the earnings; and then Clute resumed possession and put it on a ranch; and the next day suits were commenced against Hanchett and the team attached as his property: *Held*, that the sale and delivery was valid as against the attaching creditors.

DELIVERY AFTER SALE AND BEFORE ATTACHMENT. Where goods were sold and the vendee took possession at a time subsequent to the sale but before the levy of an attachment: *Held*, that the delivery before the attachment satisfied the statute of frauds and validated the sale.

STATUTE OF FRAUDS—STATUS OF CREDITOR TO ATTACK SALE OF GOODS FOR WANT OF DELIVERY. A mere creditor at large is not in a position to attack a sale of goods by his debtor on the ground of want of delivery and change of possession under the statute of frauds: before he can do so he must acquire a lien by attachment or otherwise.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

This was an action of replevin to recover the possession of a wagon, five mules and six sets of harness, said to be worth one thousand, two hundred dollars. The defendants were the constable and attaching creditors referred to in the opinion. The case was tried by jury, and a verdict rendered for the plaintiff. A motion for a new trial having been made by defendants, the Court below granted it; and plaintiff appealed from the order.

*J. S. Pitzer* and *A. M. Hillhouse*, for Appellant.

I. The District Judge held that, as Hanchett continued *apparently* in possession of the property for several weeks after the sale, there was no immediate change of possession within the meaning of the statute of frauds. We contend that if the sale was made and possession . completed prior to the levy of the process by the attaching creditors of Hanchett, it was good.

It is true that it was at one time held in California, where the wording of the statute is the same as in this State, that the word " continued," as used in the statute, meant forever, and the word " immediate " meant forthwith, whether rights of others intervened or not. (*Chenery* v. *Palmer*, 6 Cal. 119.) But after several years the Court of that State reversed the very illogical and unreasonable decisions on the word " continued," and now hold that the proper construction is that such a continued change of possession shall be made as to show to the world a change of property, (15 Cal. 503) and this Court in *Carpenter* v. *Clark*, 2 Nev. 244, hold the same doctrine. Under these decisions, the proper construction of the word " immediate " is prior to the time the rights of creditors or purchasers accrue.

II. No one is a creditor within the meaning of the statute of frauds till a lien is acquired. (19 Cal. 109; *Thornburgh* v. *Hand*, 7 Cal. 554.) There were no creditors till attachment or execution was levied, or at least procured. Clute had acquired exclusive and continued possession before any one had a right to question the sale. (1 Pick. 288; 4 Leigh, 535; 5 U. S. Digest, 730; 7 U. S. Digest, 430; 26 U. S. Digest, 257; 18 Iowa, 312; 2 Kent, 515.)

*Kittrell & Hunt* and *A. C. Ellis*, for Respondents.

I.    Whether the transaction between Hanchett and Clute, on the twenty-sixth day of April, 1870, amounted to a sale or a mortgage, so far as respondents in. this case are concerned, it matters. not. (*Woods* v. *Bugbee*, 29 Cal. 466.)

II.    The sale, or mortgage, whichever it is, was void as against the *admitted judgment creditors* of Hanchett, and the evidence did not sustain the jury in finding otherwise.    (*Hurlburd* v. *Bogardus*, 10 Cal. 518; *Stevens* v. *Irwin*, 15 Cal. 503; *Goodshaw* v. *Mulford*, 26 Cal. 316; *Woods* v. *Bugbee*, 29 Cal. 466; *Doak* v. *Brubaker*, 1 Nev. 218; *Sharon* v. *Shaw*, 2 Nev. 289; *Lawrence* v. *Burnham*, 4 Nev. 361.)

III.    The point contended for by appellant, under a statute of which our own is a copy, was directly decided against him in the case of *Chenery* v. *Palmer*, 6 Cal. 119.

By the Court, WHITMAN, J.:

This appeal is from an order granting a new trial.    There is no dispute about the facts, which are thus stated by the district judge: "The facts of this case are, that Hanchett was indebted to Clute for advances made by him for Hanchett.    To pay said indebtedness, he sold to Clute the property in controversy in this action, on the twenty-sixth day of April, 1870.    Clute took possession of the property, and retained it one day, and then permitted Hanchett to take it back, and keep it in his possession, using it as his own, until June seventh or eighth following; Clute paying the expenses and receiving the earnings of the team.    Clute then took it into his possession, and put it on a ranch.    On the ninth, suits were commenced by Korn, McLeod and others, against Hanchett, for debts then actually due to them from Hanchett, and attachments regular in all respects were issued in said cases against the property of Hanchett, and placed in the hands of the defendant Steele, as constable, to be served.    Steele, on the same day, made service of said attachments by levying on the mules, wagons and harness in controversy, which had been delivered to Clute on the seventh or eighth of June, but sold to him on the twenty-sixth of April.

Clute demanded the return of them as his property, and said demand being refused, commenced this action. The jury found a verdict for plaintiff, upon which defendants moved for a new trial."

Upon these facts, it is claimed that the sale was void under the statute of this State. Touching this question, the statute reads: " Every sale made by a vendor of goods and chattels in his possession, or under his control, and every assignment of goods and chattels, unless. the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of things sold or assigned, shall be conclusive evidence of fraud, as against the creditors of the vendor, or the creditors of the person making the assignment, or subsequent purchasers in good faith."

" The term ' creditors,' as used in the last section, shall be construed to include all persons who shall be creditors of the vendor, or assignor, at any time while such goods and chattels shall remain in his possession or under his control." (Statutes 1861, 20, Secs. 64, 45.)

The only presumption to be deduced from the statement of the Judge, though the expression is, perhaps, not entirely clear, is, that the respondents claiming as attaching creditors, were creditors at large of Hanchett prior to the seventh day of June, 1870, and while the property remained in his possession, after the sale of the twenty-sixth of April; but having no lien by judgment or otherwise, until after the delivery of the property : and the holding of the District Court was substantially, that being such creditors they had the right, so soon as they altered their position from that of creditors at large to that of creditors having a lien, to contest the validity of the sale ; and that as to them, the failure of the appellant to take and hold the property in suit by virtue of an immediate delivery to him from his vendor, and an actual and continued holding on his part thereafter, rendered the sale conclusively fraudulent.

What is the immediate delivery and actual and continued holding required by the statute, has been stated by this Court heretofore. (*Carpenter* v. *Clark*, 2 Nev. 243.) Where there is no dispute upon the facts, as in this case, there remains only a question of law for the Court, and hence the only point here is as to the law as held by the District Court.

Clute *v.* Steele.

Up to a certain point this was correct. Such a sale as the one under discussion was by the principles of the common law, as also the Statute of 13 Eliz., and is under the decisions of the Courts of this Union, Federal and State, void against creditors and subsequent purchasers in good faith; but only as against them. Differences have arisen in judicial decisions, as to the weight to be given to the fact of non-delivery; and it has been held, on the one hand, to be conclusive evidence of fraud, and on the other, to be susceptible of explanation. With that question this Court has nothing to do. The statute of this State is imperative on that point.

While, however, decisions have been thus various, there has been a uniformity of holding upon the necessary status of those who might question such a sale, and the conclusion is, that no creditor at large may do so; and that a delivery before the attachment of any lien of a creditor will satisfy the law and validate the sale.

Mr. Hilliard says: "And the general rule may be laid down, that where a vendee takes possession at a time subsequent to the sale, but before the rights of creditors accrue by attachment or otherwise, he shall hold against creditors." (Hilliard on Sales, 183, n.: citing *Bartlett* v. *Williams*, 1 Pick. 288; see also *Kendall* v. *Samson*, 12 Vt. 515; *Coty* v. *Barnes*, 20 Vt. 19; *Wilson* v. *Leslie*, 20 Ohio, 161; *Brown* v. *Webb*, 20 Ohio, 389; *Nelson* v. *Wheelock*, 46 Ill. 25; *Frank* v. *Miner*, 50 Ill. 445; *Smith* v. *Stern*, 17 Penn. State, 360; *Levin* v. *Russell*, 42 N. Y. [3 Hand] 251; *Hoofsmith* v. *Cope*, 6 Wharton, 53; *Murray* v. *Riggs*, 15 Johns. 571; *Snydor* v. *Gee*, 4 Leigh, 535; *Carr's Admins.* v. *Glasscock*, 3 Gratt. 354.)

Whatever the reason for this rule, it is uniform; and in California and Pennsylvania, where once an opposite opinion was held, such has been substantially, if not in express language, reconsidered and overruled. Within this rule the respondents herein come, under the facts as found by the district court, and they are not in a position to contest the sale under the statute. Hence, it was error to pronounce such sale fraudulent as to them; and the motion for a new trial was improperly allowed.

The order is overruled and the cause remanded.