[No. 732.]

## A. GAUDETTE, RESPONDENT, v. W. S. TRAVIS, APPELLANT.

REMARKS OF THE COURT NOT EXCEPTED TO—Defendant claimed that the remarks made by the judge, in connection with his ruling upon a certain point, were erroneous: *Held*, That in order to present the question to this court it must appear that the remarks were excepted to at the time. By failing to make any objection, proceeding with the trial, and taking his chances of a verdict, the defendant waived the exception.

IDEM—ERROR—WHEN NOT IRREMEDIABLE.—If the ruling of the court is correct, the fact that a bad reason is given, will not, in general, be treated as an error, because it was uttered in the presence of the jury, and never ought to be deemed an irremediable error. The remedy of the party against whom the remarks are made, is by asking the court to give an instruction containing a correct statement of the rule or principle of law involved.

POSSESSION AND DELIVERY OF PERSONAL PROPERTY.—A delivery of personal property is nothing except a voluntary transfer of the possession from one person to another.

IDEM—SYMBOLICAL DELIVERY NOT REQUIRED. — Formal or symbolical acts are sometimes admitted *ex necessitate* to be sufficient to constitute a delivery, but they are not required when the substantial thing has been done, of which they are merely a sign.

IDEM.—INSTRUCTIONS.—If the defendant desired to have the jury consider the question of delivery it was his duty to have prepared, and asked the court to give, an instruction upon the point.

MODIFICATIONS OF INSTRUCTIONS.— The court is authorized to modify and change an instruction offered by counsel, even if correct as an abstract proposition of law, when it is calculated to mislead the jury.

CHARGE OF THE JUDGE UPON THE FACTS.—An instruction of the Court, assuming as a fact that A. was a creditor of B., where this was a fact in issue in the case, was clearly erroneous.

IDEM.—WHEN ERROR NOT PREJUDICIAL.—The evidence being clear that A. was a creditor, and it appearing that if that question had been submitted to the jury as a special issue and they had found otherwise it would have been the duty of the court to set aside the verdict: *Held*, that under such circumstances, the inadvertent assumption of the fact by the court was not such an error as justified a reversal of the case.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The facts are stated in the opinion.

*Pitzer & Croyland,* for Appellant.

I. The remarks made by the court, while ruling upon the admissibility of the bill of sale, were calculated to mislead the jury and thereby injure the defendant, and the error is sufficient to justify a reversal upon this ground.

II. The first instruction given on behalf of plaintiff is erroneous, because it does not clearly or fairly state the law, in that while attempting to declare the requisite conditions under the statute to render the sale of personal property good against an attaching creditor, it totally omits to state that there must be an immediate delivery to give validity to the sale. If the instruction is thus erroneous it is ground for reversal. (*Richardson* v. *McNulty*, 24 Cal. 339; *Atwood* v. *Fricott*, 17 Cal. 37.)

III. Plaintiff's second instruction is erroneous. The court seems to take for granted that the wood had been handled, and the usual acts of ownership had been exercised over it by the plaintiff, which were essential ultimate facts in issue. Upon the evidence attempting to establish those facts, the court had no right to intimate its opinion in the most remote degree. (*Cahoon* v. *Marshall*, 25 Cal. 197; *Caldwell* v. *Center*, 30 Cal. 539; *Preston* v. *Keys*, 23 Cal. 193.)

IV. The court erred in adding extraneous matter to defendant's first instruction, and also by not stating the law correctly. In the addition made, the court does not say that to render valid a sale of personal property against an attaching creditor, that an immediate delivery is required by the statute.

V. The court erred in adding to appellant's third instruction the words: "However, a debtor has the right to prefer any creditor, and the mere fact of Peter Guertin selling his property to Gaudette is not of itself conclusive evidence of fraud." This instruction is erroneous, because it assumes as proven the important fact which was directly at issue, viz: that Gaudette was an actual *bona fide* creditor of Guertin.

VI. There was no symbolical delivery, and it is not contended that there was a manual delivery, and without a delivery the transaction falls within the rule of the statute, and is conclusive evidence of fraud as against the attaching creditor. (*Lawrence* v. *Burnham*, 4 Nev. 368.)

*A. B. Hunt and George Goldthwaite*, for Respondent.

I. The first and second assignments of error are not well taken, for the reason that if any error occurred it was in the admission of the bill of sale in evidence, and not in the reasons which influenced the court in admitting the evidence.

II. The instructions of the court are to be taken as a whole and construed together. And if the law governing the case upon the evidence has been fairly stated to the jury, there is no ground for reversal, although some of the instructions might be subject to verbal criticism.

The rule is, that the whole of each instruction should be considered and not detached or isolated portions thereof, in determining whether there is error in any given instruction; and that all of the instructions shall be considered in determining whether the law governing the case was fairly stated to the jury. (*Brooks* v. *Crosby*, 22 Cal. 43.) An actual change of possession of personal property is an open, visible change, manifested by such outward signs as render it evident that the possession of the vendor has wholly ceased, and that the vendee has entered into possession. (*Calhoon* v. *Marshall et al.*, 25 Cal. 201; *Randall* v. *Parker*, 3 Sand. 73, cited in 25 Cal. 201.)

Where a vendee takes possession at a time subsequent to the sale, but before the rights of creditors accrue by attach-

ment or otherwise, he shall hold against such creditors. (*Clute* v. *Steele,* 6 Nev. 339; see authorities therein cited.)

III. There was no error in the second instruction given for the plaintiff. The court did not, in the most remote degree, intimate its opinion as to any fact or facts in the case, but simply stated the law as laid down by this court in *Conway* v. *Edwards,* 6 Nev. 190; and also stated that what one can do by himself he can also do by an agent, which is a universal rule. (Story on Agency, sections 2 and 3.)

IV. There was no error in the addition made by the court to defendant's first instruction, for the reason that there was no pretense that the bill of sale conveyed the title to the ranch of Peter Guertin. It was a matter not in issue.

V. There was no error in the addition made by the court to appellant's third instruction. The instruction as asked by appellant referred to actual fraud and not to constructive fraud.

If there was actual fraud in the sale from Guertin to Gaudette, what had possession or delivery to do with the case at all?

A sale of property which is fraudulent *per se,* cannot be rendered valid as against attaching creditors by any delivery or change of possession whatever, no matter when the delivery may have been made, or how continuous has been the change of possession. If the sale was made with the intent to defraud the creditors of Guertin it was void *ab initio,* and delivery or change of the possession had nothing to do with it.

VI. Under the rule as laid down by this court, the delivery and change of possession was complete and ample to satisfy the statute. (*Doak* v. *Brubaker,* 1 Nev. 218; *Conway* v. *Edwards,* 6 Nev. 190.)

VII. Where there is any substantial evidence to support the verdict of a jury, or where the law touching the different theories of appellant and respondent was fairly stated, and the jury found for the latter, an appellate court will not set the verdict aside. (*Ophir S. M. Co.* v. *Carpenter,* 4 Nev. 548; *Blackie* v. *Cooney,* 8 Nev. 49; *Menzies* v. *Kennedy,* 9 Nev. 159.)

By the Court, BEATTY, J.:

This action is for the recovery of certain personal property or its value, which was levied upon and sold by the defendant as sheriff of Lincoln county under attachment and execution issued in the case of *Roeder* v. *Guertin.* The plaintiff claims as vendee of Guertin and the defendant justifies under the attachment and execution upon the two grounds that the sale from Guertin to Gaudette was fraudulent in fact, as being made with intent to hinder, delay, and defraud the creditors of the vendor, and fraudulent in law for want of an immediate delivery, followed by an actual and continued change in the possession of the property sold. The plaintiff had judgment, and the defendant appeals from the judgment, and the order of the court overruling his motion for a new trial upon numerous assignments of error, which will be noticed *seriatim.* The first and second assignments of error are based upon certain remarks made by the court, in the hearing of the jury, in ruling upon the objection of the defendant to the admission in evidence of the bill of sale of the property in controversy from Guertin to the plaintiffs. That bill of sale reads as follows:

"This is to certify that I have this day sold and delivered all my right and interest in a wood ranch, situated eight miles from Pioche, in a westerly direction, to Ambrose Gaudette, for the sum of fifteen hundred dollars, gold coin, and also six hundred cords of wood or more, and one mule, and all my kitchen utensils. May the 8th, 1874.

"PIERRE GUERTIN.

"GEO. GUERTIN, }
"S. H. McINNIS, }  Witnesses."

The objection to the admission of this paper was that it was not under seal, and that it purported to be a conveyance of real estate. The remarks made by the court were in effect that it was a mooted question in this state, whether a seal was essential to a conveyance of real estate, and that for his part he was inclined to think it was not. At this

point, counsel for plaintiff stated that they did not claim that the bill of sale passed the title to the real estate, but that it was a good bill of sale of the personal property. The court thereupon overruled the objection, to which ruling the defendant excepted, but he appears to have taken no exception at the time to the remarks of the court.

It is not contended here that the ruling of the court was erroneous, but it is argued that the remarks made by the judge in connection with his ruling were erroneous and fatally misleading to the jury, so fatally misleading that no subsequent instruction by the court could cure the error. If this was so, the defendant should have excepted to the remarks at the time. By failing to do so, proceeding with the trial, and taking his chances of a verdict, he waived the exception. It is scarcely necessary to cite authority for the proposition, that when in the course of a trial anything occurs that is absolutely fatal to the verdict, unless waived by the party prejudiced, it is held to be waived unless excepted to as soon as it comes to the knowledge of the party entitled to take advantage of it. Besides, the error of the court in this instance, if it was an error, was not irremediable. If the bill of sale had been offered and admitted for the purpose of proving title to the real estate, the error of the court would have been cured, both as regards the ruling and the accompanying remarks, if at a subsequent stage of the trial the judge had said that he was mistaken in the views he had expressed, and had stricken out the evidence. But as the bill of sale is admitted to have been properly received as evidence for the purpose for which it was offered, that is, to prove the sale of the personal property, the defendant could only have been injured by the expression of opinion by the court to the effect that real estate may be conveyed by an instrument not under seal; and if he had any reason to think he would be injured by that remark, it was his privilege and his duty to ask the court to instruct the jury correctly on the point. In fact, this is precisely what he did, and the court, at his request, gave the jury an explicit instruction in writing, that no title to the so-called ranch passed by means of the bill of sale. There

can be no doubt that this instruction effectually cured whatever error may have been committed in the remarks complained of.    We have had occasion recently (*State* v. *Samuel Watkins*) to commend the practice by *nisi prius* judges of giving pertinent explanations of the grounds of their rulings upon questions arising in the course of the trial of causes.

In the hurry of such trials where rulings must be made off hand, without much advice, or any opportunity for deliberation, it must often happen that the judge will let fall erroneous or inaccurate expressions of opinion upon the legal questions involved; but these remarks are not addressed to the jury, and are not presumed to influence them.    If the ruling of the court upon the point at issue is correct, the fact that he has given a bad reason for the ruling will not, in general, be treated as error because it was uttered in the presence of the jury; and certainly it ought never to be deemed an irremediable error.    As has been said, such remarks are not addressed to the jury, and they are not bound to give any heed to them.    On the other hand, they are bound by the written instructions of the court, and by them only.    This they are presumed to know, and if there is any reason to apprehend that they do not know it, an instruction to that effect may always be prayed by either party, and would undoubtedly always be allowed. It follows, therefore, that where the court, in the course of the trial, has casually misstated a rule or principle of law, which one of the litigants has reason to fear members of the jury may recollect and act upon to his prejudice, he has a complete remedy in his hands by asking the court for a correct statement of the rule or principle, in the solemn and authentic shape of a written instruction, which the jury will be bound, under the sanction of their oaths, to obey.    Thus it appears, that for two reasons there is nothing in the error assigned of which the appellant is entitled to complain; for in the first place he waived all objection to the remarks of the court by failing to except at the time; and, in the second place, any error that the court may have committed, was cured by the instruction given at his request.

The third assignment of error is abandoned in the argument.

The fourth assignment is, that the court erred in giving the first instruction asked by plaintiff. That instruction reads as follows: "You are instructed, that if you believe, from the evidence, that A. Gaudette, the plaintiff in this action, purchased the personal property named in the complaint in this action, in good faith, for a valuable consideration, and without fraud on his part, and that the said Gaudette took into his possession the said property, either in person or by his agent, and continued in possession of the same from the time of the alleged sale by Peter Guertin to Ambrose Gaudette, up to the time the same was attached in the suit of *John Roeder* v. *Peter Guertin*, then you will find for the plaintiff. But if you believe from the evidence that the plaintiff, Ambrose Gaudette, perpetrated a fraud in making the purchase of said property of Peter Guertin in order to defraud the creditors of Peter Guertin, or that he colluded with Peter Guertin in the perpetration of such fraud, then you will find for the defendant." This instruction is alleged to be erroneous for two reasons: First. Because in enumerating the circumstances necessary to make the sale valid against creditors, it omits the "immediate delivery" required by the statute; and, second, because in stating that the defendant is entitled to recover in case the plaintiff has been guilty of actual fraud, it is implied that he is entitled to recover only in that case, whereas he was entitled to recover if there was a failure to deliver the property and change the possession. In order fully to appreciate the scope of these objections, it is necessary to consider the evidence in regard to the sale and delivery of the property in controversy, and this will present an opportunity of disposing at the same time of the ninth and tenth assignments of error which are based upon the alleged insufficiency of the evidence to show any delivery or change of possession of the property.

The following facts were established by uncontradicted testimony: the plaintiff was a creditor of Guertin to the extent of fifteen hundred dollars, and to satisfy the indebtedness

Guertin agreed to make the sale of the property described in the bill of sale. The bargain was concluded on the ranch where the personal property was, on the eighth day of May, 1874. The parties, vendor and vendee, then went to the house of McInnis, one of the witnesses to the bill of sale, distant two hundred yards, or thereabouts, from where the wood lay scattered on the hillside, where it had been cut, and got him, McInnis, to draw the bill of sale, because they did not sufficiently understand the English language. After the execution of the bill of sale, Guertin told Gaudette he could take possession as soon as he pleased, and that night, or next morning, both parties left the ranch and went together to Pioche. Plaintiff having, in the meantime, hired George Guertin, cousin of Pierre, to haul the wood, from the hillside to the roadside and cord it there, where wagons could reach it.

George Guertin, the man so hired, had worked on the ranch before, cutting wood, but had been absent from it for several months before the sale. On the ninth of May he commenced hauling and cording the wood, and so continued until the attachment was served on the fourteenth. The vendor, Pierre Guertin, never returned to the ranch after the morning of the ninth of May. This is substantially all the testimony, and there is no conflict in it.

There is no doubt that it shows an actual change of possession of the wood, which is the only portion of the property in controversy in this action, and as that change was from the vendor to the vendee, and with the vendor's consent, there was necessarily a delivery; for a delivery of personal property is nothing except a voluntary transfer of the possession from one to another. The appellant contends that it was essential, in order to effect a delivery, that the parties should have gone upon the ground where the wood lay, and there have done something symbolical of delivery. But this proposition does not appear to be sustained by the authorities referred to. It has been held that a symbolical delivery will be sufficient in some cases to effect a change of possession of bulky articles, not capable of manual tradition; but it has never been held that an actual and voluntary

transfer of the possession of personal property was insufficient to protect the vendee against creditors of the vendor, merely because it had not been preceded by some formal act symbolical of delivery.

The statute of frauds has been interpreted by reference to its object, which is to require the vendee of personal property to so change its *status* as to advertise the change of ownership. The principal thing to be done in this view is to change the possession and keep it changed. Formal or symbolical acts are sometimes admitted *ex necessitate* to be sufficient to constitute a delivery, but they are not required when the substantial thing has been done of which they are merely a sign. This disposes of the objection to the testimony. As to the instruction, the hypothetical case stated —a *bona fide* purchase for a valuable consideration, and immediate and continuous possession of the property by the vendee—embraces every element of a valid sale and delivery; for under such circumstances the consent of the vendor to the possession of the vendee is necessarily implied, and voluntary transfer of possession, as has been said, is delivery.

The other objection to the instruction: that in stating one ground upon which the defendant might recover, it excluded all other grounds, has some apparent force; for there is a sort of implication from the language used, that the defendant could only recover in case actual fraud had been shown. But on the other hand, it may be said, that in its positive terms, the instruction was correct as far as it went, and the omission complained of might have been justified upon the ground that the proof of change of possession was so clear, and so entirely uncontradicted, that a finding for defendant, on that point, was impossible. The ground, however, upon which the action of the court is most clearly sustainable is, that the defendant should have asked an instruction himself upon the question of delivery, if he wished the jury to consider it. This he did, and the court allowed his instruction in the language in which it was prayed. So that in fact the omission complained of did not occur.

The fifth assignment of error is based upon the allowance of plaintiff's second instruction, as follows: "A large quantity of cord-wood is not capable of easy manual delivery, and a person purchasing such personal property may take possession of the same, or any part thereof, without moving it, by any proper acts of ownership, such as handling it; cording it; snaking it, or executing the usual acts of ownership of the same, and anything of this kind which may be done by a purchaser *in person* may be done by an agent.   *   *   *" It is not contended that this instruction contains anything which is not law; but appellant complains that it conveys to the jury an intimation that the acts mentioned in it have been proved. Such, however, is not its import. It merely states that certain acts amount to possession, and leaves the jury to decide whether such acts have been proved.

The sixth and seventh assignments of error are based upon additions made by the court to instructions asked by the defendant. The first instruction, as prayed, was as follows: "You are instructed that possessory claims to real estate can only be conveyed by deed, and the paper admitted in evidence, purporting to be a bill of sale, did not pass any title to the so-called ranch of Peter Guertin, to the plaintiff in this action."

Before allowing this instruction, the court appended the following words: "But such bill of sale might be sufficient to pass the title to the personal property therein mentioned, provided the sale was made in good faith for a valuable consideration, and there was a delivery of the possession of the personal property from Pierre Guertin to Ambrose Gaudette." It is said that this addition was irrelevant; but manifestly it was not. The instruction, as asked, declared the effect of the bill of sale with reference to a purpose for which it had not been offered or admitted in evidence. Its only effect, conceding its correctness as an abstract proposition, would have been to mislead the jury. To prevent that consequence, the addition was necessary, and therefore, of course, not erroneous, unless, as appellant claims, it misstated the law. But it did not, even by implication,

misstate the law as applicable to the testimony in the case. It is true the statute requires an *immediate* delivery, and the addition to the instruction omits that qualification. But the omission was justified by the fact that the proof of change of possession, which was ample, was all of an immediate change; that is, of a change commencing the morning after the sale, and lasting four days before the creditors of the vendor commenced proceedings; and in any view this was an immediate delivery. (See *Clute* v. *Steele,* 6 Nev. 335.) It would have been worse than useless to submit to the jury the question whether the delivery was *immediate* or not, when if they found a delivery at all, they could have found none other than an immediate delivery.

The next instruction to which the court made an addition was asked in the following form: "You are instructed that if you find from the evidence that Peter Guertin made said alleged sale to plaintiff with intent to hinder, delay, or defraud the creditors of said Peter Guertin, and that said plaintiff knew that such was the intent, then such sale was absolutely void as to the creditors of said Guertin, and you must find for defendant without regard to consideration paid or delivery." To which the court in allowing it added the following words: "However, a debtor has the right to prefer any creditor, and the mere fact of Peter Guertin selling his property to A. Gaudette is not of itself conclusive evidence of fraud." Appellant contends that the court erred in not adding the following words also in immediate connection with the foregoing: "if accompanied by immediate delivery and followed by a continued change of possession." It is very clear, however, that such a qualification was not requisite, or even appropriate. The instruction as asked related solely to the question of actual fraud, and it would have been improper in modifying it to mix up the question of statutory or constructive fraud which was covered by other instructions given in the case. It cannot be expected that each separate instruction will cover every legal proposition involved in a case. It is sufficient if each as a substantive proposition is correct and applicable to the testimony.

Another objection to the words added by the court is that they assume as a fact that Gaudette was a creditor of Guertin, and convey to the jury a distinct intimation of the opinion of the court upon one of the most important of the facts in issue in the case. This objection appears to be well founded. The plain import of the words used by the court is that Gaudette was a creditor, and such an intimation of opinion was clearly a violation of section 12, article 6, of the constitution, and amounts to error. But it does not necessarily follow that the judgment should, therefore, be reversed. The evidence was full and uncontradicted that Gaudette was a creditor. If that question had been submitted to the jury as a special issue, and they had found otherwise, no court would have hesitated to set aside the verdict. Under such circumstances, the inadvertent assumption of the facts by the court was natural and excusable, and it is well settled that such an error is not ground for reversal. (5 Nev. 78; 1 Graham & Waterman on New Trials, 301; 2 Id. 634; 33 Cal. 299; 18 Id. 376; 17 Id. 573; 13 Id. 427.)

The eighth assignment of error is not relied on, and the ninth and tenth have been disposed of in connection with the fourth.

The judgment and order appealed from are affirmed.