[No. 800.]
## CHARLES THUNDER, RESPONDENT, *v.* ROBERT E. BROWN, APPELLANT.

QUESTIONS ASKED WITNESS TO REFRESH HIS MEMORY—DISCRETION OF COURT.
—In a suit upon a lost note, after defendant had introduced evidence to show that plaintiff in making inquiries of his friends for the lost papers never mentioned the note, plaintiff's counsel in rebuttal was allowed to ask this question: "In order to call your attention to the fact whether or not he (plaintiff) mentioned the loss of the note, I now ask you what reply you made to him?" *Held*, that the court did not abuse its discretion in allowing the question for the purpose offered.

IDEM—ANSWER OF WITNESS—WHEN PREJUDICIAL.—The witness answered: "I remember what I said: If you have lost those papers Brown will never pay you:" *Held*, inadmissible as evidence for the reason that it was a direct attack upon the character of the defendant when his character for honesty had not been put in issue.

IDEM.—When an answer is given prejudicial to a party that is not responsive to the question asked, he must move the court to strike it out, or he cannot in the appellate court complain of the answer given by the witness.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion of the court.

*Thomas Wren and Crittenden Thornton,* for Appellant:

I. The question asked of the witness McCullough was improper. Whatever McCullough said to the plaintiff was not a declaration by which the defendant could have been bound. The defendant was not present at the conversation. He did not admit the truth of his answer, either by silence or express assent.

McCullough was not the loser of the note nor the finder. He was not present when it was lost or found. How then, under any circumstances, can his remark be deemed a part of the *res gestæ*, or a declaration which could bind the defendant? The answer was as objectionable as the question, and on precisely the same grounds. It was directly responsive to the question.

II. The answer of McCullough was an attack upon the character of a witness in, and party to, a civil case. Such evidence is only admissible in cases in which the cause of

action involves the moral or legal turpitude of the party. (1 Greenl. Ev., sec. 54, and cases cited; 1 Phillip's Ev., 757, and notes; *Fowler* v. *Aetna F. In. Co.*, 6 Conn. 673; *Pratt* v. *Andrews*, 4 Const. 493; *Thompson* v. *Bowie*, 4 Wall. (N. Y.) 471.)

III. The court cannot infer that the verdict would have been the same if the erroneous testimony had not been admitted. (*Spanagel* v. *Dellinger*, 34 Cal. 476; *Osgood* v. *Manhattan Co.*, 3 Cow. 612; *Marquand* v. *Webb*, 16 John. 89; *Sweeny* v. *Reilly*, 42 Cal. 407; *Rice* v. *Heath*, 39 Cal. 612; *Leonard* v. *Kingsley*, 50 Cal. 630.)

*John T. Baker*, for Respondent:

The question asked McCullough was proper under the circumstances of this case. But if there was any error, it could not have prejudiced the defendant's case, as, leaving out the testimony of the witness McCullough there was a fair preponderance of testimony in favor of the plaintiff. All the testimony shows that the verdict was clearly right, and it should not be disturbed, because there is sufficient evidence, without that which is complained of to justify the verdict. (*Robbins* v. *Lincoln*, 12 Wis. 1.)

By the Court, HAWLEY, C. J.:

This is an action upon a promissory note, executed by defendant Brown, for the sum of one thousand three hundred dollars, in payment of the purchase-price of a one-half interest in a team of ten animals and two wagons, bought from plaintiff Thunder.

The note was payable on the first day of January, A. D. 1875. It is alleged in the complaint that the note was lost, and that there is a balance due, and unpaid thereon, of nine hundred and ninety-nine dollars.

The answer admits the execution of the note and the purpose for which it was given; denies that it was lost by plaintiff, and alleges that, in the early part of June, 1875, the defendant paid the note in full, took it up, and destroyed it.

Upon the trial plaintiff testified that the note was lost in

the early part of the month of June, A. D. 1875.   The evidence offered by the respective parties, as to the loss and payment of the note was conflicting.

In the course of the trial the defendant, for the purpose of disproving the loss of the note, offered in evidence an advertisement which the plaintiff caused to be published in the Eureka *Sentinel* on the seventeenth day of June, A.D. 1875, to the effect that plaintiff had lost a certain bill of sale for a team of ten animals and certain receipts for coal.   No mention was made of the promissory note which plaintiff testified he had lost at the same time.   It is stated in the brief of counsel for appellant that testimony was also introduced by the defendant tending to prove than the plaintiff, in making inquiries of his friends and acquaintance for the lost papers, never mentioned the note.

In rebuttal of this testimony, the plaintiff called as a witness one G. K. McCullough, who testified that plaintiff came to him in the month of June, 1875, and stated that he had been on a spree and had lost all his papers against Brown for the sale of the team, but did not mention any particular papers.

Plaintiff's counsel then asked the witness this question: "In order to call your attention to the fact whether or not he mentioned the loss of a note, I now ask you what reply you made to him?"   Counsel for the defendant objected to the question, "on the grounds of incompetency, irrelevancy and immateriality."   The objection was overruled and defendant excepted to the ruling of the court.   The witness answered the question as follows: "I remember what I said: 'If you have lost those papers, Brown will never pay you.'   I am of the impression that he mentioned the note, but I am not sure."

The jury found a verdict for plaintiff.   Defendant moved the court for a new trial; hence this appeal.

The only error assigned and relied upon by appellant is the ruling of the court upon the objections made to the questions asked of the witness McCullough.   The question was asked simply for the purpose of refreshing the memory of the witness as to whether or not the plaintiff at such con-

versation had mentioned the loss of the note. The defendant seems to have conceded at the trial, and does not here deny, that it was proper for plaintiff, in rebuttal of the testimony offered by defendant, to show, if he could, that he had mentioned the loss of the note to his friends and acquaintance.

Under these circumstances we are of the opinion that the question was one which the court, without exceeding the reasonable limits of its discretion, had the right to allow for the sole purpose of refreshing the memory of the witness, although, in our judgment, it would have been much better for the court to have compelled counsel to so shape his question as not to call for a direct answer as to what the witness said.

The expression of the witness, " If you have lost those papers, Brown will never pay you," was inadmissible as evidence, for the reason, as claimed by appellant, that it was a direct attack upon the character of the defendant, when his character for honesty had not been put in issue. But the question as asked did not necessarily call for an answer reflecting in any manner upon the general character of the defendant. It was impossible for the court to know, in advance, what the answer of the witness would be. The court was only called upon to determine whether the question was admissible for the purpose for which it was offered. When the answer was given, tending to prejudice the defendant before the jury, his counsel ought to have moved the court to strike it out. Not having done so, he is not in a position to complain of the answer given by the witness. (*Gaudette* v. *Travis*, 11 Nev. 149; *Roberts* v. *Johnson*, 58 N. Y. 614.)

The judgment of the district court is affirmed.