Barrow v. Conlee.

---

# W. H. Barrow, Cashier, use of, etc., v. Isaac Conlee et al.

1. ACKNOWLEDGMENT — *Of Chattel Mortgages by a Firm.* — An acknowledgment of a chattel mortgage which gives the name of the grantor in the mortgage is valid when made by one or both of the members of a partnership.

Replevin.—Appeal from the Circuit Court of Greene County; the Hon. OWEN W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

D. J. SULLIVAN, attorney for appellant.

HENRY T. RAINEY and THOMAS HENSHAW, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a replevin suit by appellant against appellees in which appellant claims possession of the chattel property in question under a chattel mortgage given him by the firm

of L. S. Baldwin & Co., a partnership composed of L. S.
and A. C. Baldwin; while appellees claim the same by vir-
tue of a levy thereon, made by appellee Conlee, as sheriff of
Greene county, Illinois, under a distress warrant issued to
him by appellee Hackett, for rent admitted to be due the
latter by L. S. Baldwin & Co.

The facts in this case, in substance, are that appellee
Conlee, as sheriff of Greene county, was in possession of
the chattel property in question, by virtue of a levy thereon
under a valid landlord's warrant issued to him by appellee
Hackett against the firm of L. S. Baldwin & Co., who were
indebted to Hackett for the rent he claimed. The chattel
property when taken by Conlee was owned by Baldwin &
Co., subject to a chattel mortgage given by them to appel-
lant, before the levy, to secure a valid indebtedness owing
to him by Baldwin & Co., that was due several months
after the levy. This chattel mortgage authorized appellant
to take possession of the mortgaged property and sell the
same to pay the debt secured thereby, in case the same was
levied upon; and the mortgage was in due form signed by
the firm of Baldwin & Co., the certificate of acknowledg-
ment thereto being as follows :

" STATE OF ILLINOIS, }
   Greene County.   } ss.

I, Isaac D. Vedder, a justice of the peace in the town of
Whitehall, in and for said county, do hereby certify, that
this mortgage was duly acknowledged before me by the
above named L. S. Baldwin & Co., the mortgagors therein
named, and entered by me, this 6th day of January, A. D.
1899.

Witness my hand and seal.

                 ISAAC D. VEDDER,      [SEAL.]
                Justice of the Peace."

The mortgage was duly recorded in the recorder's office
of Greene county, on January 7, 1899, being before the levy
under the distress warrant.

At the trial of this replevin suit, before the court without
a jury, by consent of parties, the court sustained the objec-
tions of appellees to the admission of the chattel mortgage

in evidence upon the sole ground that the certificate of acknowledgment thereto failed to show the name or names of the member or members of the firm of Baldwin & Co. who made the acknowledgment; and also held by its rulings on the propositions of law submitted by appellant and appellees, that the chattel mortgage was void as to appellees, because the certificate of acknowledgment failed to show the name or names of the member or members of the firm of Baldwin & Co. who made the acknowledgment. Those rulings of the court are urged by counsel for appellant as reversible errors, and at page 7 of his printed brief and argument he says, " are, we think, the only questions of importance involved in this appeal."

We think the Circuit Court improperly rejected the chattel mortgage and improperly held in its rulings on the propositions of law, that the same was void as to appellees, by reason of the certificate of acknowledgment failing to show the name or names of the member or members of the firm who made the acknowledgment, because our statute entitled " Mortgages " provides that " The certificate of acknowledgment (of a chattel mortgage) may be in the following form: This (name of instrument) was acknowledged before me by (name of grantor) * * * this —— day——, 18—." Sec. 2, Chap. 95, Hurd's Ill. Statutes, 1899.

The certificate of acknowledgment of the mortgage literally followed the provisions of the statute by giving the name of the grantor in the mortgage, as having acknowledged the same, which acknowledgment could be made by one or both of the members of the firm. Nelson v. Wheelock et al., 46 Ill. 25. And the certificate of acknowledgment being that the mortgage was acknowledged by the firm who were the grantors, it in effect said that it was acknowledged at least by one of the members thereof, if not both.

Counsel for appellees in their printed brief and argument filed in this court urge upon us that the court committed reversible errors against them in some of its rulings, but as appellees have not assigned any cross-errors upon the record in this case, we will not consider those rulings.

Since the Circuit Court improperly rejected the chattel mortgage from the evidence in this case, and improperly held on the propositions of law submitted to it, that the chattel mortgage was void as against appellant, by reason of the certificate of acknowledgment thereof failing to state the name or names of the member or members of the firm of L. S. Baldwin & Co. making the acknowledgment, we reverse its judgment herein and remand the case to that court for another trial.