## GATES ET AL V. BENNETT.

| 33 | 475 |
| 73 | 593 |

| 33 | 475 |
| 80 | 430, |
| f82 | 331 |

1. PARTNERS: *Power of one to mortgage partnership property.*
   One partner may make a valid mortgage upon the partnership crop to secure a partnership debt, but cannot mortgage the individual property of his co-partner without his consent, or acquiescence under such circumstances as to create an estoppel.

2. EVIDENCE: *Entries on docket of Justice of Peace.*
   The docket entries of a Justice of the Peace are *quasi* records, and when certified, receivable in evidence.

3. SAME: *Judgments of Justices of the Peace as*
   When a Justice has jurisdiction of the subject matter and parties, his judgment. [until reversed] is as conclusive as that of a court of record and may be pleaded, and proved by exemplification of his docket entries.

4. ATTACHMENT: *None for specific property.*
   Attachment is no remedy for the recovery of specific property.

5. REPLEVIN: *Who may have for trust property.*
   A trustee may maintain replevin for possession of the trust property, but the beneficiaries in the trust cannot.

6. EVIDENCE: *In aid of record.*
   Where in an action of replevin the defendant pleads former recovery of the same property, from the plaintiff, and in the judgment exhibited by him the description of the property varies from that in plaintiff's complaint, he may prove it to be the same by parol evidence.

7. ———— : *Filing papers may be proved by parol; but judgment not varied by.*
   The filing of a complaint and affidavit in a replevin suit, and that a writ was issued, bond executed and return upon the writ, and that they were all in regular form and had been lost or destroyed, may be proved by parol; but it is not competent to prove that a different judgment was rendered from the one offered in evidence, or that it was entered by mistake in a wrong name.

8. JUDGMENT: *Correction of Etc.*
   A judgment of a Justice may be corrected by his successor in office, by a *nunc pro tunc* order, upon proper application.

APPEAL from *Prairie* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Clark & Williams* for appellants.

*Gatewood & Hughes, contra.*

ENGLISH, C. J. :

On the 12th of March, 1875, John Bennett brought an action ·of replevin before Justice Booth, of Wattensas township, Prairie county, against David Gates for the following prop-·erty :

One dark brown mare, five years old.

One sorrel mare filley, two years old.

One red and white pied cow, five years old, and her calf.

One dun cow, six years old, and her calf.

One red cow, four years old.

One white heifer with specks on her neck, etc.

Upon affidavit and bond, a writ of replevin was issued, the ·constable seized the property sued for, and upon the execution ·of a cross-bond by defendant, he was permitted to retain pos-·session of it.

On application of defendant the venue was changed to Red .River township, and the suit then progressed before Justice ·Stephenson.

To a formal complaint filed by plaintiff, the defendant filed ·the following answer :

"The defendant, David Gates, says that he does not unlaw-fully detain the property sued for as described in plaintiff's ·complaint and affidavit as by plaintiff alleged therein, and for an answer states :

*First* : That one Joseph Bennett and the plaintiff in this ·action (John Bennett) were partners in raising a crop in the year 1874, and that on or about the — day of —— 1874, said .Joseph Bennett executed a mortgage or deed of trust to de-

fendant to secure to Gates, Bro. & Co., certain indebtedness. of himself and said John Bennett, and by said mortgage or trust deed conveyed to defendant as trustee a part of the property in question, to-wit: one black mare, one sorrel colt, two red cows, one dun cow, and one pied cow, as well as other property not sued for in this action, including the crop of cotton and corn raised by said Joseph and John Bennett, in the year 1874; and that plaintiff in this action was well aware of the execution of said mortgage, and at no time made any objection to David Gates, trustee, or to Gates, Bro. & Co., until their debt matured. That on and after the maturity of said mortgage, or trust deed, plaintiff in this action (John Bennett) by verbal contract and agreement, agreed to deliver without delay to the defendant, the property conveyed by said mortgage now in controversy in this action, or so much thereof as would be sufficient to pay all the indebtedness of himself and his brother, Joseph Bennett, then due the said Gates, Bro. & Co., provided said defendant or Gates, Bro. & Co., let him, the said John Bennett, have and keep the balance of said crop of cotton included in said conveyance. Being willing and desirous to accommodate their customers, the said Gates, Bro. & Co., consented thereto, and defendant avers that plaintiff (John Bennett) did keep and appropriate said crop under said agreement, and afterwards refused to deliver said property notwithstanding his said agreement to do so.

*Second:* That on the 21st day of November, 1874, in an action by Gates, Bro. & Co., before John Aiken, a justice of the peace within and for Prairie county, Arkansas, against the said Joseph Bennett and the plaintiff in this action (John Bennett) a judgment was duly rendered, given and made in favor of said Gates, Bro. & Co., and against said plaintiff for the property in controversy in this action; and that said plaintiff, John Bennett, appealed from the decision

of said Sustice to the Circuit Court of Prairie county, in the name of Joseph and John Bennett; and that on the 5th day of March, 1875, said appeal was, by said court, dismissed ; and that the property (a part thereof) sued for in this action was thereafter, by the constable of Upper Surrounded Hill township, in said county of Prairie, turned over to this defendant by the order of the Justice before whom said case was tried and judgment rendered, and that by virtue of the premises he now holds the same as trustee for the benefit of Gates, Bro. & Co., and not otherwise.''

Isaac Gates and Ferdinand Gates, partners under the firm name of Gates, Bro. & Co., applied to be made defendants, on the grounds that they were the real parties in interest, and had immediate possession of the property in controversy, and that the possession of defendant David Gates was only constructive.

The justice permitted them to be made defendants, they adopted the above answer filed by defendant David Gates, the cause was tried before the justice, judgment in favor of plaintiff for the property described in his complaint, and defendants appealed to the Circuit Court.

In the Circuit Court the plaintiff demurred to the answer filed by defendant David Gates, before the justice, and adopted by Gates, Bro. & Co., as their answer on being made defendants.

The demurrer to the *first* paragraph of the answer was upon the following grounds, in substance :

1. Defendants seek to claim the property in controversy by virtue of a mortgage from Joseph Bennett, but do not show that at the time of the execution of the mortgage the property belonged to him, or that he had any authority to mortgage the property to plaintiff.

2. The description of the property in the answer is not

responsive to the description of property claimed by plaintiff; and the knowledge of plaintiff that Joseph Bennett had executed a mortgage covering his property does not preclude him from asserting title thereto.

3. Defendants set up a parol agreement with plaintiff to deliver the property in controversy, which if true gives defendants no title thereto, and which parol agreement is at variance with the written mortgage under which they claim and they cannot sustain title under both.

The demurrer to the *second* paragraph of the answer was upon the grounds:

1. That it sets up a pretended judgment before John Aikin, a justice of the peace, rendered on the 21st November, 1874, against plaintiff and Joseph Bennett in favor of Gates Bro. & Co. without showing that the justice had jurisdiction in the premises.

2. That it shows simply a dismissal of the appeal of plaintiff in the Circuit Court, and no trial on the merits.

3. The property being turned over by the constable to David Gates, confers upon him no right to it.

4. David Gates shows no right in himself to hold the property.

The court sustained the demurrer to the *first* paragraph of the answer, and overruled the demurrer to the *second* paragraph.

The cause was submitted to a jury on the second paragraph of the answer, and verdict in favor of plaintiff for the property described in his complaint, the value of which was found to be $190, and for $22.50 for its detention.

Defendants moved for a new trial on the grounds:

1. The court erred in sustaining the demurrer to the first paragraph of defendants' answer.

2. In excluding testimony offered by defendants, and in

directing the jury to render a verdict in favor of plaintiff for want of evidence on the part of defendants to sustain the issue.

3. The verdict is for plaintiff, when it should, by law, have been for defendants.

The court overruled the motion for a new trial, and defendants took a bill of exceptions setting out the evidence and points reserved at the trial; judgment was rendered for plaintiff, on the verdict, and defendants appealed to this court.

I. We are first to consider whether the court below erred in sustaining the demurrer to the *first* paragraph of the answer of appellants to the complaint of appellee, (which question is presented upon the record, and need not have been made ground of the motion for a new trial.).

The substance of the paragraph, or plea, is that appellee, John Bennett, and his brother Joseph, were partners in making a crop in the year 1874, and that Joseph, with the knowledge of appellee, executed a mortgage or trust deed, to David Gates, as trustee, upon part of the property in controversy in this suit, and upon the crop of cotton and corn raised by him and appellee in that year, to secure a debt which they owed to Gates Bro. & Co. And that after the maturity of the debt, appellee agreed to deliver to the trustee the property in controversy, or so much thereof as would satisfy the debt, provided that Gates Bro. & Co. would let him keep the cotton included in the mortgage, to which they consented, and he did keep and appropriate the cotton, etc.

Joseph Bennett could make a valid mortgage upon the partnership crop produced by himself and appellee to secure a debt due from them to Gates Bro. & Co. *Herman on Chattel Mortgages, p.* 298. He could not mortgage the individual property of appellee to secure a firm debt, without his consent, or acquiescence under such circumstances as to make it operate as an estoppel (*Jowers* v. *Phelps, M. S.*) But if the mortgagees

released, to him, as alleged, cotton bound by the mortgage, this was a good and valid consideration for his alleged agreement to surrender such of the property in controversy in this suit as was covered by the mortgage.

In the facts alleged in the first paragraph of the answer be true, appellee could not recover of the trustee, such of the property in controversy as he had so agreed to surrender for a valuable consideration.

The identity of the property would be a matter to be settled by evidence upon a trial.

The court erred in sustaining the demurrer to the first paragraph of the answer.

II. It appears by the bill of exceptions that on the trial, defendants, to secure the opening and conclusion, admitted the value of the property in controversy to be $190, and damages for its detention to be $22.50, and that the plaintiff had the right to recover unless they could establish the truth of the *second* paragraph of their answer (the first paragraph having been demurred out), and thereupon assuming the *onus probandi*, they introduced John Aiken as a witness, who testified that he was a Justice of the Peace of Upper Surrounded Hill township, Prairie county, during the year 1874, and for some years before and after that date. That he was now out of office, but still retained possession of his docket; that the paper shown him was a true copy of his docket entries in the case therein named.

Defendants then offered to read in evidence the following transcript:

In Justices Court of Upper Surrounded Hill Township.

| | |
|---|---|
| Isaac Gates & Bros., | Plaintiffs. |
| vs. | } Affidavit. |
| Joe Bennett and John Bennett. | Defendants. |

On this 17th day of November, 1874, comes David Gates, trustee for Gates Bros., and filed before me his complaint in

writing under oath, stating that the stock and property claimed in this action by Gates Bro's., is as follows : by mortgage exe-cuted by defendandants to Gates Bro's., six acres of cotton and four acres and a half of corn in cultivation on the Hipper farm, seven acres of corn planted on their own place, one black mare with blaze face, 4 years old, about 14 hands high ; one black horse with star in forehead, 10 years old, about 15 hands high ; one sorrel colt with white stripe in its face ; two red cows marked crop and underbit in each ear ; one dun cow, crop and split in the right ear and swallow fork and underbit in the left ear ; one pied cow marked the same as the dun cow ; two yearlings marked swallow fork and underbit in each ear ; which sale and conveyance, however, is upon this trust, that is to say, whereas the said Joseph Bennett is indebted to the mercantile firm of Gates Bro.'s for supplies furnished him and John Bennett, brother and partner, by a deed of trust and one promissory note bearing even dates together, and unless said property is taken in hand by their creditors there is reason to fear that the debt will be lost or greatly delayed.

DAVID GATES, FOR GATES BRO'S.

"On this 21st day of November, 1874, comes John Bennett in open court, and admits service as a party to this suit.

On this 21st day of November, 1874, comes the plaintiff, by David Gates, trustee, and also comes the defendant, John Bennett, and announced themselves ready for trial ; after swearing and examining the witnesses, an argument was had by Major A. Boyd ; after hearing the evidence and law, the court adjudged that plaintiffs have and recover of the defendant a judgment for all of the stock now in controversy, and all costs in and about this suit expended—whereupon David Gates prayed a delivery of said property ; the said order is issued di-rected to the constable of said township, this 21st day of No-vember, 1874.

JOHN AIKEN, J. P.

"An appeal was then prayed by defendant to the Circuit Court, which was granted.

JOHN AIKEN, J. P.

To which is attached a sworn certificate of John Aiken, Justice of Peace, that the above is a full complete and perfect transcript of the entries made in his docket in the case of Isaac Gates & Bro's. against Joseph Bennett and John Bennett, including the judgment and grant of appeal.

The plaintiff admitted that the paper offered in evidence was a correct transcript of the docket entries of Justice Aiken, but objected to its introduction on the ground that it did not show that any process was ever issued—no affidavit or bond was ever filed either for replevin or attachment, and that the Justice had no jurisdiction of the subject matter, and no right to enter judgment, and that the judgment was not in favor of the parties set out in the answer.

(a.) The court sustained the objections to the transcript being read, upon the grounds that the only right of recovery Gates, Bro. & Co., had in the action as shown from the transcript, was by attachment, and that there appeared to have been no affidavit, no sufficient complaint or cause of action filed, nor any bond given as required by law. To which ruling defendant excepted, etc.

Defendants then obtained leave to amend the second paragraph of their answer by showing that the proceedings and judgment therein referred to, was in fact a writ in replevin in favor of David Gates, as trustee in favor of Gates, Bro's. & Co.; and thereupon offered to prove by J. S. Thomas, Esq., an attorney of the court, that on the 17th of November, 1874, he filed with John Aiken, the justice of the peace above mentioned, a complaint and affidavit for an action of replevin in the name of David Gates, as trustee of Gates, Bro's. & Co. That said suit was based upon a deed of trust and note (pro-

duced by the witness and offered in evidence, and copied in the bill of exceptions.)

That upon said complaint a regular writ of replevin was issued, and delivered to the constable of Upper Surrounded Hill township, etc., and a bond as required in actions of replevin, executed and delivered to the officer; and that all things in the proceedings in said suit conformed to the requirements of chap. 115 of Gantt's Digest. That the affidavit contained all the requirements of sec. 5035 of said Digest; that the bond was conditioned as prescribed by law and conformed to sec. 5038, etc., of the Digest, and that the writ of replevin issued upon the complaint and affidavit was in regular form, etc.

Defendants also offered said deed of trust in evidence, and offered to prove by John Aikin that the entries in the transcript offered above were made in the suit which was brought by J. S. Thomas, Esq., for David Gates as trustee as aforesaid, and that said suit was prosecuted to final judgment, and that the complaint, affidavit, writ, return thereon and bond were all lost.

(b.) The court excluded the whole of the evidence so offered, on the ground that the action of replevin could only have been brought in the name of David Gates, and the transcript offered in evidence did not show any such suit, but was entitled in the caption Gates Bro. & Co., vs. Joe Bennett and John Bennett.

Defendants offered to prove by Aikin that the judgment rendered in said cause was in favor of David Gates as such trustee of Gates Bros. & Co. mentioned in the deed of trust.

(c.) But the court refused to allow such testimony to be given upon the ground that a justice of the peace could not prove by parol what judgment he rendered, different from the one entered on his docket in the proceedings, and the justice being out of office and not having delivered his docket to another justice, did not change the rule.

Counsel for defendants submitted that Aikin being out of office and his docket not having been delivered to another justice, there could be no amendment of the judgment by nunc pro tunc order, but the court adhered to its ruling.

Defendants then offered to prove by Aikin this fact, that the entry in his docket was a mistake in the caption or title of the cause, which should have been David Gates, trustee, etc., v. Joe Bennett and John Bennett, and then to prove all of the other facts offered in evidence as above.

(d.) But the court overruled the motion.

Defendants then offered to prove by the clerk of the court, and by its records, that the suit of Gates Bros. & Co. v. Joe Bennett and John Bennett was brought into the court on the appeal of John Bennett from Justice Aikin's court, and that no papers except the above transcript, and an appeal bond were filed, and that the appeal was dismissed for want of an affidavit for appeal.

(e.) But the court excluded the evidence on the grounds that it was irrelevant and incompetent.

No other evidence being offered by defendants, the jury rendered a verdict for plaintiff, as above shown.

(a.) The court of a justice of the peace is not strictly a court of record (Faulkner et al v. State, use, etc., 9 Ark., 19), yet a justice is required to keep a docket, and enter judgments, etc., rendered by him, and such entries are quasi records, and, when certified, receivable in evidence, etc., Gantt's Digest, secs. 3723, 2447.

Where a justice has jurisdiction of the subject matter and the parties, his judgment (until reversed on appeal) is as conclusive between the parties as the judgment of a court of record; and the judgment may be pleaded as such, and proven by an exemplification of his docket entries, etc. Arkansas Justice, secs. 377-8-9. Vaden et al v. Ellis, 18 Ark., 357.

The second paragraph of the answer of appellants to the complaint of appellee was, in effect, a plea of former recovery, though it does not conclude with a verification, but this was matter of form and not of substance. *State, use of Gibson* v. *Sadler et al*, 6 Ark. 236. *Pierson* v. *Wallace*, 7 Ib. 291.

On its face, the transcript offered in evidence shows a judgment in favor of Gates Bros., the plaintiffs, against Joe Bennett and John Bennett, defendants therein, for the "*stock*" (manifestly meaning the animals described) in controversy in the suit, no judgment being given for the corn or cotton. It appears also that there was a sworn complaint in writing filed, and that John Bennett (the plaintiff in this suit) appeared before the justice, and admitted service as a party, and announced himself ready for trial.

It appears, therefore, that the justice had jurisdiction of the plaintiffs in that suit, the animals which were subjects of controversy (Constitution sec. 40, art. 7,) and the defendant John Bennet, who is the plaintiff in this suit, and against whom the judgment of the justice is pleaded as a former recovery.

Gates Bros & Co., could not have recovered the animals in controversy by attachment before a justice of the peace. Property may be seized upon a writ of attachment, and condemned to be sold to satisfy a judgment recovered in the action, but it is no remedy for the recovery of specific property.

Looking at the deed of trust recited in the transcript of the justice, and offered in evidence after appellants obtained leave to amend the second paragraph of their answer, we find it was executed 6th of May, 1875, by Joseph Bennett, to David Gates, as trustee to secure a supply note executed by Bennett to Gates Bros. & Co. for $100, payable 1st October following.

The deed conveys the animals, etc., to the trustee, and on default of payment of the debt at maturity, empowers him to

take possession of the property, and sell it, and apply the proceeds in satisfaction of the debt secured by the deed.

On default of payment of the debt at maturity, the legal title to the property being in the trustee, he had the right to bring replevin for possession of it. *Anderson ad. et al* v. *Mills exr.*, 28 Ark., 184. Or he might have brought a bill to foreclose. *Sullivan* v. *Hadley et al* 16 Ark., 143.

So Gates Bros. & Co., had two remedies. They had the right to sue at law on the note secured by the trust deed, or to bring a bill in equity to foreclose, making the trustee, who held the legal title to the property, a party.

But they had no right by virtue of the deed of trust to bring replevin for possession of the property conveyed to the trustee by the deed. By the terms of the deed he was selected by the parties as a trustee to hold the legal title to the property until default of payment, and then to take possession of it, and sell it for the payment of the debt secured by the deed.

But when appellants offered in evidence the transcript of the judgment of the justice of the peace, pleaded as a former recovery, under the second paragraph of the answer, before it was amended, the deed of trust was not before the court. Nothing was before it but the transcript offered in evidence.

The transcript, however, shows upon its face that the Gates Bros., the plaintiffs in that suit, claimed the property by virtue of a deed of trust executed by the defendants in the suit, to David Gates as trustee, to secure a debt to the plaintiffs; and it may be supposed, and doubtless is the fact, that the deed of trust recited in the transcript is the same that was offered in evidence on the trial in this cause. That being so, if the plaintiffs in that suit showed upon the trial of the case no other title to the property sued for than the deed of trust, it was an error in the justice to render a judgment in their favor for the property. But such error did not make the judgment

void; it was valid until reversed for the error on appeal. *Alston exparte*, 17 Ark., 580. *Hill* v. *State*, Ib. 440.

The judgment of no court, whether of general or limited jurisdiction, rendered when the court has jurisdiction of the parties and subject matter of the suit, can be treated as void, when brought in question in a collateral proceeding, on the ground that the plaintiff recovered on a bad title. The rendering of a judgment on a defective title, or on no legal title to the thing in action, is but an error in the court which must be corrected by a superior court on appeal or writ of error. *Boothe* v. *Estes*, 16 Ark., 110.

The suit was not upon the deed of trust as the foundation or subject matter of the action, but for property covered by the deed, and the deed could only be used as evidence of title on the trial, hence this case does not fall within that class of cases in which this court has held that the instrument filed with the justice as the cause of action must show a right of action in the plaintiff, etc. *Ib. Latham* v. *Jones*, 6 Ark., 371, *Levy* v. *Sherman*, *Ib.* 182.

The animals sued for in this action are not described in the complaint as they are in the judgment pleaded as a former recovery, but if the court had admitted the transcript in evidence, parol evidence would have been admissible to prove the identity of the animals. *1 Greenleaf Ev.*, *Sec. 532*. *Smith* v. *Talbot, ad.*, 11 Ark., 669.

(b.c.d.) After appellants were permitted to amend the second paragraph of their answer, so as to aver that the judgment pleaded as a former recovery was in fact rendered in favor of David Gates as trustee, in an action of replevin brought by him for the property in controversy, the transcript of the judgment offered in evidence did not correspond with the judgment as so pleaded, and was properly excluded by the court for variance.

It was competent for appellants to prove, by parol evidence, that a complaint, and affidavit were filed in the replevin suit, a writ issued, bond executed, and the return upon the writ, and that they were all in regular form, and had been lost or destroyed. *Davis* v. *Pitt*, 1 Ark., 359. *Mason, ad.,* v. *Bull*, 26 Ark., 167. But it was not competent for appellants to prove by the attorney who brought the replevin suit, or by the justice who rendered the judgment, or by any witness, that the justice in fact rendered any other or different judgment than that shown to have been rendered by the transcript offered in evidence. Or that the justice by mistake, entered the judgment in the names and in favor of Gates Bros., when it should have been entered in favor of David Gates, as trustee, etc. *Butler* v. *Owen,* 7 Ark., 373. *Barkman* v. *Hopkins,* 6 Ib. 157. *State Bank* v. *Minikin,* 12 Ib. 719. *Kimball* v. *Merrick,* 20 Ib. 12, *and cases cited.*

If the justice in fact made a mistake in entering the judgment—if he entered it in the names, and in favor of Gates Bros., when it should have been entered in favor of David Gates, as trustee, etc., the parties relying on the judgment as a former recovery, should have taken the proper steps to have the judgment entry amended, and pleaded the judgment as amended, and offered in evidence a transcript of the amended judgment.

It was the duty of John Aiken, when he went out of office, to deliver his docket, and all the books and papers belonging to his office, to his sucessor in office—and he might be compelled by proper proceeding to do so, and the power of amendment would be in his successor, on proper application, notice to parties interested, and proof of the error. *Gantt's Digest, sec. 3711. King et al* v. *State Bank,* 9 Ark., 187. *Mitchell* v. *Conley,* 15 Ark., 419.

(1.) Had the transcript been admitted in evidence, as an ap-

---

peal had been taken from the judgment of the justice to the Circuit Court, it was competent for appellants in this suit to prove that the appeal from the judgment pleaded as a former recovery had been dismissed, thereby leaving the judgment of the justice in force.

The judgment of the court below must be reversed, and the cause remanded with instructions to the court below to over-- rule the demurrer to the first paragraph of the answer, and for trial *de novo* upon the whole answer.