## CORNELIUS L. HARVEY AND HENRY J. HEYSTEK v. GEORGE R. FORD AND FRANK C. RATHBUN.

*Partnership—Sale of interest by one partner—Chattel mortgage— Exemption.*

1. One partner has the authority to execute a mortgage to secure partnership debts, and in so doing he binds all of his copartners.
2. How. Stat. § 7686, providing for exemptions, does not apply to chattel mortgages executed by one partner in the firm name, although his copartners may be ignorant of their execution.

3. A bill of sale by one partner to a third person of all of his right, title, and interest in the partnership property, the vendee assuming the undivided firm debts, constitutes the vendee a partner with the other partner, who consents to such sale, and to the vendee's standing in the place of the vendor in the firm; and the fact that the parties did not then execute articles of copartnership, but agreed to do so thereafter, is not evidence of the non-existence of such partnership.

Error to Kent. (Grove, J.) Argued November 18, 1890. Decided December 5, 1890.

Replevin. Defendant Ford brings error. Affirmed. The facts are stated in the opinion.

*Thompson & Temple,* for appellant.

*Fletcher & Wanty,* for plaintiffs.

GRANT, J. On September 7, 1888, defendant Rathbun and one Alison D. Flory were partners, and carrying on business at Grand Rapids. On that day Flory sold to defendant Ford all his right, title, and interest in and to the partnership property, and executed a bill of sale of the same. Ford assumed the undivided firm debts. Defendant Rathbun indorsed his consent to this arrangement in the following language:

"I hereby consent to within sale from Alison D. Flory to George R. Ford, and consent to said Ford to stand in the place and stead of said Flory."

On September 10, defendant Rathbun executed to plaintiffs a chattel mortgage upon the goods and chattels of the firm in the name of Rathbun & Ford. Meanwhile some dispute had arisen between Ford and Flory, which it is unnecessary to detail, and in consequence thereof Rathbun also signed to said mortgage the name of Rathbun & Flory.

Plaintiffs brought replevin under their chattel mort-

gage, for the purpose of foreclosing it.   Two defenses are set up:

1.  A denial of partnership.

2.  That defendant Ford was entitled to an exemption of property to the value of $250.

The court below instructed the jury to find a verdict for the plaintiffs.   By the writings above mentioned Ford became a partner with Rathbun.   The fact that Rathbun and Ford did not then execute written articles of partnership, but agreed to do so thereafter, was no evidence that the partnership did not exist.   The court below was correct in refusing to submit the question of partnership to the jury.

It is admitted that one partner has the authority to execute a mortgage to secure partnership debts.   The act of the partner so doing binds all his copartners.

How. Stat. § 7686, providing for exemptions, does not apply to chattel mortgages executed by one of the partners in the name of the partnership, although his copartners may not be aware of their execution.

Judgment affirmed, with costs.

The other Justices concurred.