SETH F. HANCHETT, for use, etc.

*v.*

CHARLES S. GARDNER *et al.*

*Filed at Ottawa October 31, 1891.*

1. PARTNERSHIP—*power of partner to contract and discharge debts.* Each member of a firm may, in due course of business, contract debts in the name of the co-partnership, and in the absence of dissent by a co-partner may rightfully, out of its assets, discharge the firm liabilities.

2. SAME—*preferring creditors—powers of partner.* A debtor, whether an individual or a partnership firm, may, while retaining dominion over the estate, and not contemplating an assignment under the Voluntary Assignment act, use his or its property in discharge of his or its liabilities, paying one or more creditors to the exclusion of others. So a partner acting for the firm may apply the firm assets in payment of one creditor without being guilty of fraud as to other creditors, and it makes no difference whether the payment be made in money, or in goods and chattels or other assets.

3. A partner, in the absence of fraud on the part of the purchaser, has the complete *jus disponendi* of the whole of the partnership interests; and a creditor of the firm has a right to seek and obtain from his debtor a preference for the payment of his debt, to the exclusion of other creditors,—and that without the imputation of fraud upon either party.

4. SAME—*partner dissenting.* But if one partner dissents, or forbids the transfer of the firm property before it is complete, and notice thereof is given to the purchaser, the sale will not be binding upon the dissenting partner. In such case the member of the firm would cease to act as the agent of his co-partner in respect to such transaction.

5. A sale or transfer of the firm assets made by one partner in payment of a *bona fide* existing firm debt to a creditor without notice, is valid. But a fair sale, in good faith, to an existing *bona fide* creditor, made by one partner without the consent of the other, may, under circumstances of notice to the purchaser, be questioned by the non-assenting partner, but it will be good as to all third persons.

6. FORMER ADJUDICATION—*replevin—suit on bond.* Where the plaintiff in replevin submits to a non-suit, he withdraws the cause from the court, and the judgment awarding a return of the property is not conclusive upon his right to the property. When sued on his replevin bond he may plead title in himself, and show that the merits were not tried in the replevin suit.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for the appellant:

Notwithstanding each partner is, to a certain extent, liable as principal as well as agent, the liability of his co-partners for his act can only be established on the ground of agency. 1 Lindley on Partnership, 239.

One partner may dissolve the partnership. *Blake* v. *Sweeting*, 121 Ill. 70.

One partner is not bound by the acts of his co-partner done without his assent, nor is the firm bound by such act. *Brewster* v. *Mott*, 4 Scam. 379.

One partner has no power to execute a general assignment without the assent, express or implied, of his co-partners, if present, or where they may be consulted, and capable of expressing assent or dissent. *Dunklin* v. *Kimball*, 50 Ala. 251; *Holland* v. *Drake*, 29 Ohio St. 441; *Coleman* v. *Darling*, 66 Wis. 155; *Stein* v. *Le Dow*, 13 Minn. 412.

A deed thus executed is absolutely void. 58 Iowa, 469.

A guaranty in the name of the firm, by one of its members, not assented to or adopted by the other members, is not binding upon the firm, even though it was made in the interest of the firm. *Grettel* v. *Williams*, 4 Exchq. 630.

One partner can not submit a pending suit to arbitration, or compromise same, without consent of his co-partners. *Fancher* v. *Furnace Co.* 80 Ala. 481; *Walker* v. *Bean*, 34 Minn. 427.

One partner can not sell or dispose of the partnership property, or do any other act outside of the ordinary and regular course of business of the partnership, without the consent of his co-partner or co-partners, either express or implied. Any such act done by one partner against the express wish or protest of another partner does not bind the firm, especially if the person claiming the benefit of such act or acts has notice

of the protest.   The partnership relation makes each partner the agent of the others and the firm in the transaction of partnership business, but the agency thus implied by virtue of the partnership relation is ineffectual as against the protest of one of the partners, on the principle that no agent can perform an act expressly prohibited by his principal, and if such act be performed against such prohibition, it is void as to all parties having notice thereof.   Therefore, one partner can not sell the partnership property against the protest of another.   *Osborn* v. *Barge,* 29 Fed. Rep. 725 ; *Yeager* v. *Wallace,* 57 Pa. St. 365 ; *Fiegley* v. *Sponeberger,* 5 W. & S. 564 ; *Kimball* v. *Insurance Co.* 8 Bosw. 498 ; *Williams* v. *Roberts,* 6 Coldw. 493 ; *Stemhart* v. *Fyhrie,* 5 Mont. 463 ; *Wilcox* v. *Jackson,* 7 Col. 521 ; 1 Am. Lead. Cases, (H. & W. 5th ed.) 544.

Messrs. SAWIN & VANDERPLOEG, for the appellees:

One partner has authority to transfer partnership property directly to a creditor of his firm, in payment of a firm debt, without the knowledge or consent of his co-partner.   *Mabbett* v. *Smith,* 12 N. Y. 442 ; *McClelland* v. *Remsen,* 25 How. Pr. 174 ; Collyer on Partnership, 395 ; *Grasse* v. *Stellwagon,* 25 N. Y. 315 ; *Tappley* v. *Butterfield,* 1 Metc. 515 ; *Hyrschfelder* v. *Keyser,* 59 Mo. 338 ; *Schneider* v. *Sanson,* 62 Texas, 201 ; *Pahlman* v. *Taylor,* 75 Ill. 630.

On the question of the authority of one partner to sell to pay partnership debts, we further cite *Arnold* v. *Brown,* 24 Pick. 89 ; 4 Scam. 379 ; *Yeager* v. *Wallace,* 57 Pa. St. 365 ; *Fiegley* v. *Sponeberger,* 5 W. & S. 564.

Appellee had the right to take a non-suit.   *Howe* v. *Harroun,* 17 Ill. 494 ; *Adams* v. *Shepard,* 54 id. 464.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Upon the facts found by the trial and Appellate Courts, which must be regarded as conclusive here, the principal question presented is, whether one partner, by virtue of the part-

nership relation, has authority to transfer the property of the partnership to a creditor of the firm in payment of a *bona fide* firm debt without the knowledge and consent of his co-partner, the creditor having no notice of the want of consent or dissent by the other partner, so as to vest title in the creditor as against other creditors of the firm, and where, also, the transfer of the property is completed by the delivery of possession before a lien attaches in favor of any other creditor.

Each partner, while acting within the scope of the partnership business and duties, acts not only for himself, and therefore as principal, but also as the agent of the other member or members of the co-partnership firm. Ordinarily, and in the due course of business, it can not be questioned that the co-partners may apply partnership assets, whether they consist of money, choses in action, goods and chattels or other effects, in payment of partnership debts ; and it will not be questioned that in the due course of business one member of the firm may contract debts for and in the name of the co-partnership, and may rightfully, out of its assets, discharge the firm liabilities. 1 Bates on Partnership, sec. 384; *Anderson* v. *Tompkins*, 1 Brock. C. C. 456; *Grasse* v. *Stellwagon*, 25 N. Y. 315; *Tapley* v. *Butterfield*, 1 Metc. 315; *Pahlman et al.* v. *Taylor*, 75 Ill. 630; *Arnold* v. *Brown*, 24 Pick. 89; *Mabett* v. *Smith*, 12 N. Y. 442; *McClelland* v. *Remsen*, 25 How. Pr. 174; Collier on Partnership, 395, *et seq.* The debtor, whether an individual or a firm, may, while retaining dominion over the estate, and not contemplating an assignment under the Voluntary Assignment act, use his or its property in discharge of his or its liabilities, paying one or more creditors to the exclusion of others, as may be deemed by the individual or firm desirable. *Preston* v. *Spaulding* 120 Ill. 208; *Home Nat. Bank* v. *Sanchez et al.* 131 id. 330; *Rehm* v. *Hide and Leather Nat. Bank*, 126 id. 461.

It would seem to follow, therefore, that if the firm could, without being guilty of fraud as to other creditors, apply its

assets in payment of one creditor, a partner acting for the firm might likewise apply the firm assets without being guilty of fraud as to other creditors. It would seem, from the authorities before cited, to be well settled that the firm may apply its goods and effects in discharge of its liability to one or more of its creditors, and if in good faith, the transfer be valid. It can make no difference, if the debtor has the right to pay one creditor without paying all, whether the payment be made in money, or in goods and chattels or other assets. It has accordingly been held "that one partner, in the absence of fraud on the part of the purchaser, has the complete *jus disponendi* of the whole of the partnership interest," and that "a creditor has a right to seek and obtain from his debtor a preference for the payment of his debts to the exclusion of other creditors,— and that without the imputation of fraud upon either party." (*Mabbett* v. *White* 12 N. Y. 442.) The latter proposition has been repeatedly held by this court. See cases *supra*.

It is to be noted that the question arises in this case between the creditors of an insolvent firm, and not between the purchasing creditor and a member of the firm not consenting to the transfer of the property. If the question arose between the purchasing creditor and a non-consenting partner, a very different question might be presented. The agency which one partner holds for his co-partner is revocable, and his implied authority to dispose of the partnership assets is subject to revocation. It is undoubtedly the law that if one partner dissents or forbids the transfer of property of the firm before it is complete, and notice thereof be given to the purchaser, the sale will not be binding upon the dissenting partner. The member of the firm would cease to act as the agent of the other member in respect of such transaction. In *Hotsead* v. *Shepard*, 23 Ala. 558, it was held that where "one partner undertakes to dispose of the partnership effects to the injury of the other partner, equity will interpose to grant relief," and

"if the purchaser of such effects takes them with notice of such fraudulent intent of the partner making the sale, they will be considered as parties to the fraud, and liable, in equity, to the partner to refund." And so, while one partner can not confess judgment against the firm so as to bind another partner, it is said in *Grenn* v. *Hook,* 25 Pa. St. 430, that "it by no means follows that an execution upon a judgment so given, levied upon the personal property of the firm, would be postponed at the instance of a subsequent execution creditor of the same firm." And it is further said: "So far as the judgment affects only the property of the firm, it is good, if obtained in the firm name, against any representative of the firm; and there is no reason why it should not be, for the individual partner has full power and authority to apply the property directly to the payment of debts."

The rule is a just one, and supported, as we think, by the weight of authority, and is, that a sale or transfer made by one partner, of the firm assets, in payment of a *bona fide* existing firm debt, to a creditor without notice, is valid; and that a fair sale, in good faith, to an existing *bona fide* creditor, made by one partner without the consent of the other, may, under circumstance of notice to the purchaser or transferee, be questioned by the non-assenting partner, but is good as to all third persons. *Ellis* v. *Allen et al.* 30 Ala. 515; *Brown* v. *Clark,* 1 Biss. 128.

We are of the opinion, therefore, that the purchasing creditor took title to the property transferred, as against other creditors of the firm in whose favor liens had not already attached. It is not claimed that there was anything in the value of the property transferred, as compared with the debt upon which it was applied, that would raise a presumption of fraud, the debt being largely in excess of the value of the property.

A question of practice remains to be considered. This was a suit upon a replevin bond. After the transfer and delivery of the property to the purchasing creditor, Gardner, an at-

tachment issued at the instance of Wilce & Co. against the debtor firm, which was levied upon the property in question, then in the hands of Gardner. Gardner brought replevin, and on the trial of the action of replevin, and after the evidence had been submitted to the court sitting as a jury, by both parties, the plaintiff elected to take a non-suit, and judgment was thereupon entered against him for costs, and a return of the property awarded. It is now insisted that the title of the property can not be litigated in this action upon the replevin bond.

Section 26, chapter 119, of the Revised Statutes, provides: "When the merits of the case have not been determined in the trial of the action in which the bond was given, the defendant in the action upon the replevin bond may plead that fact, and his title to the property in dispute, in said action of replevin." The appropriate pleas were filed by the defendant Gardner, setting up that the merits had not been determined in the replevin suit, in which the bond sued on in this case had been given, and title in himself to the property in dispute. By submitting to a non-suit in the replevin suit the plaintiff therein withdrew the cause from the consideration of the court, and the merits of the case were not determined in a "trial of the action in which the bond was given." No question was determined in that suit relating to the title to that property or the merits of the controversy, and the plaintiff therein might, when sued upon the replevin bond, plead and prove his own title to the property in mitigation of the damages to be recovered. *Stevison* v. *Earnest,* 80 Ill. 513; *King* v. *Ramsay,* 13 id. 619; *Chinn* v. *McCoy,* 19 id. 604; *Leman* v. *Robinson,* 59 id. 115.

Other errors are assigned which do not seem to be insisted upon in this court. We have, however, examined them, and find no prejudicial error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*