Farwell v. Cook.

JOHN V. FARWELL ET AL.

V.

GEORGE B. COOK ET AL.

*Judgments—Advancement of Payment of—Partnership—Debts of —*
*Practice.*

1. The equitable rule which requires the assets of a firm to be first applied to the payment of firm debts, is founded, not upon the equities of the creditors, but upon the equities of the partners, and such equities can only be worked out through them.

2. A creditor of a given firm can not raise the point that one partner did not authorize another partner to sign a power of attorney to confess judgment upon a note given to another creditor.

3. Upon a motion by a creditor of a firm named, to advance the payment of the judgment of such creditor against such firm, as against three previous judgments in behalf of other creditors thereof, this court declines, in view of the evidence, to interfere with the judgment denying the same.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. SNAPP & BRECKENRIDGE, for appellants.

Mr. C. W. Brown, for Carson, Pirie, Scott & Co., appellees.

Mr. Egbert Phelps, for Will County National Bank, appellee.

Mr. E. Meers, for George Cook, appellee.

Lacey, P. J. This was a motion by appellants to advance the payment of the judgment of appellants v. George B. Cook & Co. as against three several judgments: 1, in case of Carson, Pirie, Scott & Co.; 2, the Will County National Bank; 3, George Cook against the same defendants; the three last being in point of time in the order named, prior to that of appellants. All the above several judgments were obtained in the Circuit Court, in open court, on confession, by virtue of powers of attorney contained in the several notes given to the respective plaintiffs. The fund out of which appellants sought prior payment was raised by the sale of a stock of merchandise, the copartnership property of the above named defendants, George B. Cook & Co., which was afterward sold by the sheriff by virtue of an execution issued out of the Circuit Court on the said judgment in favor of Carson, Pirie, Scott & Co. v. George B. Cook & Co., and levied on the said merchandise, and brought, at the sale, $4,275, which amount the sheriff holds, awaiting final disposition of appellants' motion in the Circuit and this court. All the said judgments were rendered on the 9th day of October, 1890, being rendered between the hours of 2:10 p. m. and 9:55 p. m. inclusive, Carson, Pirie, Scott & Co. being first and appellants' being last. The first named judgment, of Carson, Pirie, Scott & Co., in order of time, is claimed by appellants to be subsequent to appellants' judgment in point of payment, for the supposed reason that while it may be valid as against George B. Cook and John A. McDonald as individuals, it is not good as against appellants. It is claimed to be valid against said defendants both as partners and individuals, and therefore entitled to priority, as is argued.

After a full examination of the subject, we have arrived at

Farwell v. Cook.

the conclusion that there is nothing in this point for appellants. First, because the fact that while in the first judgment rendered, of Carson, Pirie, Scott & Co., the declaration names the defendants as partners under the firm name of George B. Cook & Co., and the note and power is only signed as individuals, the judgment is rendered against them as individuals, and in an action at law like the proceeding here, where the partners are not asking relief in equity to have the assets marshaled and applied in prior payment to the partnership debts, it can make no difference to appellants, as such equities can only be worked out through the members of the partnership, one judgment in law standing on an equal footing with all others without reference to the fact of partnership or no partnership. Hanford v. Prouty, 133 Ill. 339. The firm creditors have no independent lien on the partnership assets. Ladd v. Griswold, 4 Gilm. 25; Hapgood v. Cornwell, 48 Ill. 64; Goembel v. Arnett, 100 Ill. 34; Hier v. Kaufman, 134 Ill. 215.

The partners composing the firm of George B. Cook & Co. are not invoking any aid in this matter.

Second. If this could make any difference, appellants' judgment is similarly situate with the first one named in that respect, for while their note is signed by the firm name, as well as the individual names of the firm, there was no proof of the execution of the note or power of attorney in the firm name, only in the individual names. This would seem to settle the point of priority as claimed by appellants against them. In case of the Will County National Bank, where the note is signed in the firm name and executed by George B. Cook, it is objected that there is no proof that McDonald signed the note or authorized Cook to sign the power of attorney. While the proof is not positive that McDonald authorized Cook to sign the power, it may be inferred from the evidence that he did so; besides, appellants can not, for McDonald, set up and insist on the judgment being void for want of power in Cook to sign the warrant of attorney; that alone could be done by McDonald. Hier v. Kaufman, *supra;* Martin v. Judd, 60 Ill. 78; Carlson v. Litch, 101 Ill. 504. The George Cook judgment

was valid. The power of attorney gave authority to confess judgment on the note upon which judgment was obtained either before or after it became due. From the evidence in the case and from the way the notes were signed, we are led to the conclusion that all the notes, or nearly so, were given for partnership debts. How unjust it would be for appellants to get the advantage sought, by excluding such evidence, and simply looking at the judgment record and papers. A court of equity, where the partners seek relief, is the only proper place where justice in a case like this can be done.

This disposes of all the points raised and claimed for error by attorney for appellants. It follows, therefore, that the judgment of the court below should be affirmed, and it is therefore done.

*Judgment affirmed.*