WALLACE GLEASON, *as Sheriff of McPherson County, et al.*, v. AMOS E. WILSON, *as Administrator of the estate of D. W. Heath, deceased, et al.*

1. FRAUD — *Proof.* If a defendant alleges that there is fraud in the execution of a chattel mortgage, under which the plaintiff claims personal property, or the value thereof, it devolves upon him to prove the fraud.

2. GENERAL AVERMENT — *No Issue for Trial.* A mere general averment "that a chattel mortgage was not executed in good faith, but for the purpose of hindering, delaying and defrauding creditors," without stating any specific facts, presents no issue for trial.

3. ATTACHMENT — *Judgment — Prior Chattel Mortgage.* Where a creditor commenced an action against a debtor by attachment proceedings, and obtained a judgment therein and a sale of the property attached, such judgment is not binding upon another creditor, who has a prior and valid chattel mortgage, when such prior mortgagee is no party to the attachment action, or any of its proceedings.

4. MORTGAGOR, *Agent for Mortgagee.* Under a chattel mortgage, the mortgagee may place the mortgagor in possession of the mortgaged property as his agent, and make sale of the merchandise for his benefit, and such agent may receive compensation for his services. (*Frankhouser v. Ellett,* 22 Kas. 127; *Bliss v. Couch,* 46 id. 400.)

*Error from McPherson District Court.*

THE opinion contains a sufficient statement of the case.

*Valle Reyburn,* and *Frank G. White,* for plaintiffs in error.

*D. P. Lindsay, M. P. Simpson,* and *W. J. Travis,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Prior to August 16, 1887, the firm of Watson & McCormick had been engaged in a general hardware and agricultural implement business in Marquette, McPherson county, in this state. To secure indebtedness, they executed chattel mortgages upon their stock in trade as follows, to wit: (1) Bank of Marquette, $470; (2) Baker Wire Company, $1,988; (3) Smoky Valley Bank, $1,054; (4) Wyeth Hardware Company, $402; (5) Townley Metal Company, $329.60. These mortgages were executed in the order recited, and the amounts purporting to be secured by these exceeded the value of the stock of goods mortgaged. A mortgage subordinate to the mortgages named was tendered to, and declined by, the Simmons Hardware Company. On January 10, 1888, an action on its claim for $424.65 was begun by the Simmons Hardware Company in the district court of McPherson county against Watson & McCormick, and a writ of attachment levied upon the stock of merchandise embraced in the chattel mortgages. The stock was sold by order of the district court in the attachment action, which ripened into judgment in favor of the Simmons Hardware Company. On the 14th of April, 1888, Heath, Darrah & Co., who composed the Smoky Valley Bank, began this action to recover $1,886.12, for the stock of merchandise taken and sold by the sheriff of McPherson county for the benefit of the Simmons Hardware Company, in the attachment proceedings against Watson & McCormick. They claimed both under their mortgage and under the chattel mortgage of the Baker Wire Company, assigned to them. On the trial of the action, it was agreed between the parties that if the plaintiffs were entitled to recover, the amount of their recovery should be, on their first cause of action, $832.12, and on their second cause of action, $69.19. At the close of the evidence, the court instructed the jury to return a verdict for the plaintiff below for the amounts agreed upon by the parties, as the defendants had failed to prove fraud. The defendants below

excepted, and complain of various rulings of the trial court. Attached to the petition of the plaintiff below and made a part thereof, were copies of the chattel mortgages executed to the Baker Wire Company and to Heath, Darrah & Co. These mortgages were filed with the register of deeds of McPherson county, as required by law, several months prior to the attachment proceedings of the Simmons Hardware Company. The Baker Wire Company took immediate possession of the stock of hardware under their ·chattel mortgage, and placed Watson & McCormick in charge of the same as their agents.

It is contended that the trial court erred in holding the burden of proof was upon the defendants below. The amended answer of the defendants expressly admitted the taking of the goods, wares and merchandise mentioned in the. petition, and also admitted the execution and delivery of the chattel mortgages referred to and made a part of the petition; but attempted to justify the taking by reason of the attachment proceedings, and then alleged in general terms that the chattel mortgages "were not executed in good faith, but for the purpose of hindering, delaying and defrauding the creditors of Watson & McCormick." The court required the plaintiffs to prove the amount due upon the mortgages, which was finally agreed upon by the parties, and also to prove the assignment of the mortgage of the Baker Wire Company to Heath, Darrah & Co. Therefore the burden of proof was upon the defendants that the mortgages were fraudulently executed. There was no error in this ruling for two reasons: First, the party who alleges fraud must make proof thereof; second, the allegations that the mortgages "were fraudulently executed" were mere legal conclusions, not a statement of any facts, and had no force. No issue was presented thereby and no proof was admissible. (*Railroad Co. v. Comm'rs of Douglas Co.*, 18 Kas. 169; *The State v. Williams*, 39 id. 517.)

In view of the pleadings, the admissions of the amended answer, the agreement of the parties, and the absence of any sufficient allegation of facts charging fraud in the execution of the chattel mortgages referred to, the trial court committed

no error in instructing the jury to find for the plaintiffs below. The vigilant creditor is entitled to the advantage secured by his watchfulness and attention to his own interests. (*Randall v. Shaw*, 28 Kas. 419; *Bliss v. Couch*, 46 id. 400.) Under a chattel mortgage, the mortgagee may place the mortgagor in possession of the mortgaged property as his agent, and make sale of the merchandise for his benefit, and such agent may receive compensation for his services. (*Frankhouser v. Ellett*, 22 Kas. 127; *Bliss v. Couch*, supra.)

The plaintiffs below were not estopped from maintaining their action, or recovering judgment, on account of the attachment action and other proceedings of the Simmons Hardware Company, through Watson & McCormick. They were not parties or privies to that action, and therefore not bound in any way.

We have examined the other matters suggested in the briefs, but do not think they require comment.

The judgment of the district court will be affirmed.

All the Justices concurring.