SARAH A. ROBARDS v. LEWIS WATERMAN.

*Partnership—Mortgage—Exemptions.*

| 96 | 233 |
| 115 | 525 |
| 96 | 233 |
| s55ᴺᵂ | 662 |
| 131 | 320 |
| 96 | 233 |
| 150 | 681 |

1. One partner has the right to execute a chattel mortgage upon the partnership property in the firm name for the purpose of securing or paying partnership debts.
2. Such a mortgage is valid as against the exemptions provided for by How. Stat. § 7686, although some of the partners may not be aware of its execution; citing *Harvey v. Ford*, 83 Mich. 506.

Error to Calhoun. (Hooker, J.) Argued April 19, 1893. Decided June 23, 1893.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*L. B. Tompkins (R. S. Lockton,* of counsel), for appellant.

*A. M. & A. Culver,* for defendant.

GRANT, J. This case was tried before the court without a jury. The findings of fact are as follows:

1. Plaintiff and one David B. Swart were partners in trade, and owners, as such, of a stock of groceries, including the property mentioned in the writ of replevin issued in this cause; the plaintiff being a married woman, and

her husband acting as her authorized agent in relation to the business.

2. On the 17th day of August, 1885, the said firm was indebted, for goods purchased, to two firms, and to secure said indebtedness the plaintiff, in the name of the firm, had delivered to said creditors two chattel mortgages upon the goods of the firm, including the articles in controversy, which mortgages were due and outstanding on said 17th day of August; foreclosure of one or both of them having been begun.

3. The partners were mutually distrustful, and David B. Swart, to protect his interest, and to prevent the sale upon the mortgages mentioned, borrowed the sum of $400 from his brother, Tunis W. Swart, of Mt. Pleasant, giving him the firm's mortgage upon the goods for that sum, payable on demand. This loan was made upon the representation that the money was to be used for the payment of the debts of the firm, including the two mortgages, which mortgages were supposed to amount to the sum of $360. The money, when received, was applied in payment of the mortgages, to the amount of $361.64, and the balance, of $38.36, was retained by David B. Swart.

4. The value of the property of the firm at this time was in the neighborhood of $500, and was all covered by each of the mortgages mentioned.

5. On the 18th day of August, Tunis W. Swart commenced proceedings to foreclose his mortgage, by placing it in the hands of the defendant for that purpose, in furtherance of which the defendant at once took possession of the property, and advertised it for sale, in accordance with its terms.

6. November 16, 1885, the plaintiff sued out a writ of replevin, under which the property covered by said mortgage was taken from the possession of the defendant, and delivered to the plaintiff.

7. At the time of the replevin the property was worth the sum of $450, having deteriorated in value $50 while in the possession of the defendant.

8. Demand of payment of the amount secured by mortgage was duly made before steps were taken to foreclose the mortgage.

9. At no time during the time that the partners carried on business did the stock greatly, if any, exceed the amount of property exempt to the two partners under the eighth subdivision of the exemption law.

10. Defendant had a special interest in the property by reason of his mortgage of $400, amounting at this date to $530.

11. Plaintiff on August 20 filed a bill in chancery to wind up the affairs of the partnership, making defendant and Tunis W. Swart defendants, and enjoining the sale under the mortgage, which she alleged to be fraudulent.. That suit is yet pending. A receiver was appointed, who never qualified, and on November 8 the preliminary injunction was dissolved.

No exceptions were taken to the findings either of fact or of law. Assignments of error based thereon will not now be considered. The only question for determination, therefore, is, do the findings of fact support the judgment? This has been so often held by this Court that a citation of the cases is unnecessary.

The judgment is correct, for the following reasons:

1. One partner possesses the right to execute a chattel mortgage in the firm name for the purpose of securing or paying partnership debts. *Harrison v. Sterry,* 5 Cranch, 289; *Bohler v. Tappan,* 1 Fed. Rep. 469; *Gates v. Bennett,* 33 Ark. 475; *Nelson v. Wheelock,* 46 Ill. 25; *Patch v. Wheatland,* 8 Allen, 102; *Walker v. White,* 60 Mich. 427; Jones, Chat. Mortg. § 46.

2. It is settled in this State that such mortgage is valid as against the exemptions provided for by How. Stat. § 7686, though some of the partners may not be aware of its execution. *Harvey v. Ford,* 83 Mich. 506.

Judgment affirmed.

LONG, McGRATH, and MONTGOMERY, JJ., concurred. HOOKER, C. J., did not sit.