[No. 1979.  Decided December 18, 1895.]

THE WEST COAST GROCERY COMPANY, *Appellant,* v. W. M. STINSON, *Sheriff, et al., Respondents.*

FORECLOSURE OF CHATTEL MORTGAGE — TRANSFER TO COURT — PLEADING — FRAUD — MORTGAGE OF FIRM CHATTELS BY ONE PARTNER.

A complaint in an action by a creditor of a chattel mortgagor, under Gen. Stat., § 1656, to transfer proceedings for the foreclosure of the mortgage to the superior court, in order to contest the mortgage on the ground that it was fraudulent as to creditors, is demurrable, when it does not appear from the complaint that plaintiff was a creditor at the time of the execution of the mortgage.

The fact that a creditor, although secured, takes additional security from his debtor, does not constitute a fraud as against other creditors.

One partner possesses the right to execute a chattel mortgage in the firm name for the purpose of securing partnership debts; and this is true, though the notes to be secured were signed by the individual members and not in the firm name.

A chattel mortgage which is fair on its face cannot be impeached for fraud, unless the facts relied on to constitute fraud are pleaded, a mere general averment of fraud being insufficient.

In order to entitle a creditor to the transfer of proceedings for the foreclosure of a chattel mortgage to the superior court, he must show that a defense exists, either in whole or in part, and that he has such an interest in the subject matter as entitles him to resist the foreclosure or assail the mortgage.

Appeal from Superior Court, Kittitas County.— Hon. CARROLL B. GRAVES, Judge. Affirmed.

*Edward Pruyn,* for appellant.

*Wager & Graves,* and *Ralph Kauffman,* for respondents.

The opinion of the court was delivered by

GORDON, J.—On the 24th day of June, 1895, the firm of Grennan and Becker, respondents, executed and delivered to the respondent Shoudy, a chattel mortgage upon a certain stock of groceries owned by said mortgagors, and upon certain store fixtures and other personal property specifically described in said mortgage, which was given to secure the payment of five certain promissory notes executed by T. W. Grennan and F. W. Becker, the individual members of such firm, and by Josephine Becker, as surety. Said notes were executed December 20, 1894, and were given to said Shoudy, and became due and payable the 1st of May, August and November, 1895, and the 1st of February and August, 1896, respectively. Said chattel mortgage contained a provision whereby in case of default in the payment of any sum falling due, the whole sum secured should become immediately due; also, that, if at any time the mortgagee should deem himself insecure, he might take possession and proceed to foreclose, etc. It was sufficient in form, and properly recorded in the auditor's office of Kittitas county on the 24th day of June, 1895. It appears

that said notes were further secured by a mortgage upon certain real estate owned not by said firm but by the said F. W. Becker and the surety, Josephine Becker, which last mentioned mortgage was executed at or about the time of the making of said notes. It further appears that, soon after the execution of said chattel mortgage, the respondent Shoudy caused the respondent Stinson, as sheriff of said county, to take possession of said mortgaged property for the purpose of foreclosing the same by notice and sale in conformity with the statute. Subsequent thereto, but prior to sale, the appellant brought this action in the superior court of said county to enjoin said foreclosure proceedings, and for the purpose of having the same transferred to the superior in accordance with § 1656, Gen. Stat. The lower court sustained respondent's demurrer to the complaint, and, appellant electing to stand by his pleading and refusing to amend, judgment of dismissal was rendered and the case is brought here upon appeal therefrom.

The complaint is very voluminous, and in addition to what has been already stated it alleges, in substance, the recovery by appellant of a judgment in said superior court against the firm of Grennan & Becker on the 1st day of July, 1895, that an execution was issued and delivered to the respondent sheriff, and that a levy was made upon the property covered by said chattel mortgage then in process of foreclosure, (which levy would, by virtue of § 1659, Gen. Stat., be subject to the lien of the mortgage); it sets out the chattel mortgage in full, also the notices of sale. Paragraph seven is as follows:

" That plaintiff is desirous of contesting and wishes to contest the right of the mortgagee to foreclose said mortgage, under the provisions of § 1656, of the 1st

volume of Hill's code, Washington; and he here and now requests this court to order the foreclosure proceedings of said mortgage transferred to the superior court, and that this plaintiff may be allowed to contest the right to foreclose said mortgage as well as the amount due thereon."

Continuing, the complaint alleges that respondent Shoudy, with the intention of cheating and defrauding the appellant and with intent to have a mortgage made to defraud creditors, prevailed upon F. W. Becker, one of the members of said firm of Grennan & Becker, to execute the said chattel mortgage in the name of said firm:

" That said mortgage was given to secure promissory notes which theretofore had been amply secured and were at the time amply secured   .   .   .   and there was nothing due on said promissory notes so secured at that time, except a few dollars which Dexter Shoudy well knew he could obtain at any time; and the said F. W. Becker who executed said mortgage was an ignorant person and a person whose mind was weak and easily influenced and he could easily be persuaded to do almost any act by the said Dexter Shoudy;   .   .   . That said mortgage was executed and its execution was obtained by the said Dexter Shoudy in bad faith and by fraud, imposition and undue influence."

The complaint also alleges that, in addition to said chattel mortgage, the respondent Shoudy also secured an assignment from said firm of Grennan & Becker of all of the book accounts and debts due said firm of Grennan & Becker, of the aggregate value of $2,000; that the mortgagors are insolvent, and that their creditors will be remediless unless said mortgage is declared fraudulent and void.   These, in substance, are the material allegations of the complaint.   While there is much circumlocution of words, we think there is no direct statement of facts in the complaint

entitling appellant to the relief which it seeks. It does not appear from the complaint that the plaintiff was a creditor of the mortgagors at the time of the execution of the mortgage in question. This of itself constitutes a sufficient reason for affirming the judgment appealed from. True, appellant alleges that it secured a judgment on July 1, 1895, but the mortgage was executed on June 24, 1895, and as to the character of the indebtedness, or when it arose, or in what form of proceeding its judgment was obtained, the complaint is conspicuously silent. But if we were to assume the fact to be (which is nowhere alleged), that the plaintiff was a creditor of the firm of Grennan & Becker at the time of the execution of the mortgage, it does not follow from the facts pleaded that the mortgage is fraudulent as to creditors of the mortgagors. The indebtedness which the mortgage was given to secure is not assailed, nor is it contended that it was not a *bona fide* indebtedness, neither is it contended that the mortgagors intended by giving the mortgage to hinder, delay, or defraud their creditors. As to the respondent Shoudy, it was his legal right to obtain security for his debt and the law does not limit the amount of security which a creditor under such circumstances may take.

"A creditor has a right to seek and obtain from his debtor a preference for or payment of his debt to the exclusion of other creditors; and that without the imputation of fraud upon either party." *Mabbett v. White*, 12 N. Y. 442.

We think it was competent for one of the members of the firm to execute the chattel mortgage.

"One partner possesses the right to execute a chattel mortgage in the firm name for the purposes of securing or paying partnership debts." *Robards v. Waterman*, 96 Mich. 233 (55 N. W. 662).

See, also, to the same effect: *Hanchett v. Gardner*, 138 Ill. 571 (28 N. E. 788); *Nelson v. Wheelock*, 46 Ill. 25; *Gates v. Bennett*, 33 Ark. 475; *Patch v. Wheatland*, 8 Allen, 102; Jones, Chattel Mortgages (4th ed.), §46.

And if the other member of the partnership firm did not know of its execution that fact would not render the mortgage invalid. *Harvey v. Ford*, 83 Mich. 506 (47 N. W. 242); *Robards v. Waterman, supra*; *Hanchett v. Gardner, supra*; *Mabbett v. White, supra*; *Farwell v. Cook*, 42 Ill. App. 291.

The complaint shows that the indebtedness for which the notes were given was the indebtedness of the firm, also that the property covered by the mortgage was the property of the firm, and it is immaterial that the notes were signed by the individual members and not by the firm.

Nothing that is alleged in the complaint constitutes a defense, in whole or in part, to said mortgage, and hence we think that no case was presented justifying a removal of the foreclosure proceedings to the superior court. We think the general rule is well established that, where a mortgage is fair upon its face, it cannot be impeached for fraud, unless the facts relied on to constitute fraud are pleaded. A mere general averment, that it "was made to defraud creditors and is void," is insufficient. *Brereton v. Bennett*, 15 Colo. 254 (25 Pac. 175); *Gleason v. Wilson*, 48 Kan. 500 (29 Pac. 698).

This complaint is clearly insufficient in that it alleges no specific facts from which fraud is inferable, and, indulging every latitude of presumption consistent with the rules of good pleading, the facts stated are wholly insufficient to entitle appellant to the relief which it is seeking. We cannot agree with the contention of the learned counsel for appellant that,

" when a person interested appeals to the court averring that he desires to contest the right to foreclose or the amount due and asks that the proceedings be transferred to the superior court, the court applied to should order such proceedings transferred." We think that to entitle a party to such transfer, he must show that a defense exists, either in whole or in part, and that *he* has such an interest in the subject matter as entitles him to resist the foreclosure, or to assail the mortgage.

We conclude that the demurrer was properly sustained, and the judgment is affirmed.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.